WESTERN DIST.
*October*, 1836.

SPRIGG ET AL.
*vs.*
HOOPER.

SPRIGG ET AL. *vs.* HOOPER.

APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT, THE
PARISH JUDGE OF THE PARISH OF RAPIDES PRESIDING.

It is an incontrovertible principle ·in law, that in a petitory action, the
plaintiff can only recover on showing a valid title to the disputed premises
in himself.

Where the defendant is in possession, and the plaintiff shows no title, he
cannot recover.

Where there is no judgment in former cases between the same parties
about the contested premises, the plea of *res judicata* cannot be sustained.

This is, essentially, a petitory action, and one of bornage.
The plaintiff, Sprigg, alleges he is the owner of a tract of
land, having eight arpents front on Bayou Robert, with the
usual depth, bounded above by lands of Fiske, and below by
Thomas Hooper, the defendant.

The plaintiff further alleges, that Hooper formerly
instituted suit against him for a part of this land, and
praying that boundaries be fixed between them, but that
a decree was rendered in his favor, fixing and limiting
the upper boundary of Hooper to a point below your
petitioner's fence, without expressly saying this should be the
boundary between their respective tracts. He expressly
alleges, that he is entitled to possess and hold all the land
from his fence down to said point or limit; that Hooper,
under the pretext that the court has not so fixed the limit,
and as there is a large space between his fence and the said
limit, withholds the possession, and refuses him permission
to enter thereon and enclose the same.

He prays that the boundaries between them be fixed and
established according to the limit, or at the point fixed in
said decree, and that he may have the quiet possession of
the land included in the said space.

In an amended petition, the plaintiff alleges, that the
defendant is in possession of a tract contiguous and adjoining

the one claimed in the original petition, situated in the rear of it, which embraces the back land, or concession. He claims this also, and prays that the boundaries between it and the defendant's lands be fixed, and that the latter deliver up the land thus wrongfully withheld.

WESTERN DIST.
October, 1836.

SPRIGG ET AL.
vs.
HOOPER.

The defendant pleaded a general denial to both petitions, and averred that he had a good title to the land claimed and possessed by him, and prays that the suit be dismissed.

Fiske intervened and joined the plaintiff, claiming the strip of land between Sprigg's lower line and a dotted line in a plat of survey in a former suit between Hooper, as plaintiff, and Sprigg & Fiske, which limited Hooper's upper line, after running up five arpents from a certain cotton wood tree, as the centre of his ten arpent tract.    This was fixed as Hooper's upper boundary by this decree.    It left a strip of about two arpents front between Sprigg's lower line and this boundary, which is the object of both the plaintiff and intervenor to recover in this suit.    Hooper was in possession up to Sprigg's lower boundary.    He pleaded a general denial to the demand of the intervenor.

Upon these pleadings and issues the cause was submitted to a jury.

After hearing the evidence of the respective parties, and having before them a map or diagram of the original tracts of land on which both parties reside, in virtue of which they claim, made by the parish surveyor, the jury returned a verdict, fixing the boundary between the plaintiff and defendant on the line to which the latter claims, and in his favor.

From judgment confirming this verdict, the plaintiff and intervenor appealed.

*Dunbar*, for the plaintiff and intervenor.

*Thomas*, contra.

*Matthews, J.*, delivered the opinion of the court.

This is a petitory action, in which the plaintiff and intervenor, Fiske, claim titles to land adjoining a tract in

It is an incontrovertible principle in law, that in a petitory action, the plaintiff can only recover on showing a valid title to the disputed premises in himself.

WESTERN·DIST. possession of the defendant, and require a boundary to be
October, 1836. established and fixed between the parties.   A jury to whom
the case was submitted, found a verdict by which the defen-
dant was quieted in his possession of the disputed premises;
and, from a judgment rendered thereon, the plaintiffs
appealed.

It is an incontrovertible principle of law, that a plaintiff in
a petitory action can only recover on showing a valid title in
himself.   In the present instance, the claimants of title have
shown none to the land admitted to be in the possession of
the defendant, and no judgments in former cases between
the same parties, relating to the thing at present in contest,
have been shown, which support the plea of res judicata.

It is, therefore, ordered, adjudged and decreed, that the
·judgment of the District Court be affirmed, with costs.

*Margin notes:*
FARGOUD
vs.
AMBERSON'S
ADMINISTRATOR.

Where the defendant is in possession, and the plaintiff shows no title, he cannot recover.

When there is no judgment in former cases between the same parties, about the contested premises, the plea of res judicata cannot be sustained.