## PHELPS et al. *v.* HUGHES et al.

Where the issue is, whether there was ever such a person as A., under whom plaintiffs claim, it is enough for defendants to offer such evidence as, in the absence of counter-evidence, will afford ground to believe that no such person ever existed. If such a person ever existed plaintiff might have easily proved the fact.

In an action by plaintiffs to recover possession, and to be quieted in their title to a tract of land, where defendants are not trespassers. plaintiffs must make out their title.

A party cannot change, by his own act, the nature and origin of his possession. C. C. 3480.

A compromise made in execution of a title which is null, unless the parties have expressly compromised as to the nullity, may be rescinded. C. C. 3046, 3047.

APPEAL from the District Court of Catahoula, *Curry,* J. *Phelps,* for the plaintiffs. *McGuire* and *Ray,* for the intervenor. *Purvis,* for the defendants.

The judgment of the court was pronounced by

ROST, J. The plaintiffs allege that they own, under a regular chain of con-

veyances, ascending to the original grantee, *Louis Duran*, a tract of land, confirmed to him by an act of Congress passed on the 28th of February, 1823, and that they have had peaceable possession of said land, under just and legal titles translative of property, for more than fifteen years; that the defendants have illegally entered upon the land, built cabins, cut down timber, made enclosures, and established their residence there. They ask to be restored to their possession and quieted in their title. The defendants upon being cited, prayed oyer of the plaintiffs' title papers; those papers were filed, and the defendants were allowed ninety days to answer. Before the answers were filed, *Timothy P. Andrews* intervened, alleging that he was the owner of the land claimed by the plaintiffs, under a chain of conveyances, by authentic acts, from *Louis Duran* to *John Walker*, and from *Walker* to him, and that neither the plaintiffs nor the defendants, had any title to the land in controversy. He prayed that they might all be cited, and that judgment might be rendered in his favor. The defendants prayed oyer of his title papers, and, those titles being produced, the answers were filed.

The original plaintiffs, in answer to the petition of the intervenor, alleged his title to be fraudulent, on the ground that the person who signed the name of *Louis Duran*, in one of his mesne conveyances, was not the grantee of the land, but was a person who, by the procurement of *John Walker*, assumed the name and pretended to be the grantee.

The defendants in answer averred that, they had been in open, peaceable, and uninterrupted possession, for more than one year previous to the institution of this suit, and that they claimed the right of pre-emption, by settlement and cultivation, under an act of Congress. They denied generally the titles of both plaintiffs and intervenor, and alleged that the pretended conveyances from *Louis Duran*, were false; that his claim was a gross forgery and imposition, both upon the government of the United States and upon all good citizens; that it originated in fraud, perjury and corruption; and that no such person as *Louis Duran* ever lived or had being, but that he was, or is, an ideal being, or, in other words, a man of straw. At this stage of the proceedings, the issue of title being principally between the plaintiffs and the intervenor, the plaintiffs made a compromise with the defendants, and consented that judgment might be entered in their favor for certain portions of the land in controversy. The intervenor also agreed with them that, in case judgment was rendered in his favor, he would convey to them the portions which they claimed.

It was proved on the trial, that the defendants had been in possession during more than one year, at the time of the institution of the suit. The plaintiffs offered in evidence a certified copy of the deed from *Louis Duran*, under whom they claim, which was objected to by the other parties on various grounds, but the objections were over-ruled, and the document suffered to go to the jury as a duly certified copy of an authentic act. The plaintiffs and the intervenor adduced in turn a complete chain of conveyances from *Louis Duran* to them, and also the confirmation of Congress. Their muniments of title were held by the court to be valid in form. Several witnesses were examined in behalf of each of the parties to the suit, and, after argument, the jury found in favor of the defendants generally. The plaintiffs and the intervenor having made an ineffectual attempt to set aside the verdict, judgment was rendered in conformity therewith, and they appealed. Each of the appellants asks, that the judgment be reversed, and the case decided in his favour. We would not, under any

circumstances, if we reversed the judgment, make a final decision on such an issue; but the law gives us power to remand the case to be tried before another jury, if, in our opinion, justice has not been done. We do not consider this a proper case for the exercise of that discretion.

The main issue before the jury was, the existence or non-existence of *Louis Duran*, the grantee—whether or not he was a real person. The jury have found that he was not. The fact of non-existence involves a negative proposition, not susceptible of plenary proof on the part of the defendants. It was, therefore, sufficient for them to offer such evidence, as, in the absence of counter testimony, would afford ground for presuming that the allegation was true. 1 Greenleaf on Evidence, p. 94. Evidence was adduced by them for that purpose, and, under the peculiar circumstances of this case, we hold it to be sufficient. The fact that the plaintiffs and the intervenor have alleged against each other in argument that, the person who signed the name of *Louis Duran* to the deeds under which they respectively claim, was not the real grantee, we view as a strong corroborating circumstance. If *Louis Duran*, the grantee, ever existed, it would have been easy for the parties holding the affirmative to have shown that fact; and as they did not attempt to do so, we are not prepared to say that the jury gave a wrong interpretation to their silence. In issues like the present, the verdicts of juries have great and deserved weight, and will not be disturbed unless they are manifestly contrary to law and evidence.

The plaintiffs' allegation that they have a *primâ facia* title, under subsequent conveyances made in good faith, cannot avail them. The defendants not being trespassers, the plaintiffs were bound to make out their title. It was incumbent upon them to deduce it from the grantee; and they cannot change the nature and origin of their civil possession. *Rachal et al.* v. *Irwin*, 8 Mart. N. S. 332. Civil Code, art. 3480.

The compromise entered into between the defendants and the other parties to the suit, did not embrace the nullity of the title; the jury having subsequently found the title to be false, that compromise remained without effect. Civil Code, arts. 3046, 3047.

We think the *locus in quo* sufficiently proved by the intervenor; but the radical defect of his title is the same as that of the plaintiffs. An attempt was made in the origin of these titles, to defraud the government of the United States, by obtaining the confirmation of a forged grant of land, in favor of a fictitious person; but that attempt has failed. There can be no grant, without a grantee; and as in the case under consideration, no person ever was invested with the title, the United States have not been divested of it. We see no reason why the defendants should not acquire the land they occupy by settlement and cultivation under the act of Congress.

Some of the parties interested probably purchased in good faith, and their case may be entitled to the favorable consideration of Congress; but it is our duty to repel their pretensions under conveyances from *Louis Duran*, and to declare those conveyances to be forgeries. Such is the import of the verdict of the jury, and the judgment rendered upon it must be affirmed.

*Judgment affirmed.*