15  169
f118  651

## J. M. BROWN v. JANE BROWN.

In a petitory action, the plaintiff, to recover, must show a title which can be traced back to an author, who had in himself the right of property in the thing sold.

Where it is shown that the plaintiff's vendor acquired his title to the property in dispute, by an amicable act of partition made of the effects of a succession of which he was an heir, it will not suffice, to sustain a petitory action, to produce alone the act of partition—the plaintiff must, in addition, show that the succession of the person from whom his vendor inherited, was the owner of the property which he acquired under the act of partition.

APPEAL from the District Court of the Parish of East'Baton Rouge, *Beale*, J. *J. W. Burgess*, for plaintiff and appellant. *A. M. Dunn*, for defendant.

MERRICK, C. J. This is a petitory action for the recovery of a slave named *Samuel* or *Jack*.

The plaintiff's title consists of an amicable act purporting to be a partition of property belonging to the succession of *Joseph* and *Elizabeth Brown*, deceased, in 1846, in which the slave in controversy was allotted to *Terry B. Brown*, and an act of sale in 1848 from *Terry B. Brown* to the plaintiff.

The defendant shows possession as owner for eight or ten years, and produces letters from the plaintiff proposing to hire the negro in controversy from the defendant; giving an account of him while hired; remitting to her the wages, and finally offering to buy the negro.

A verdict of the jury and judgment of the court having been rendered in favor of the defendant, plaintiff appeals.

In this court, the authenticity of the letters is disputed.

The letters are shown to be genuine with the usual certainty of the proof of handwriting, which is rarely positive. The jury had the witnesses before them, and gave credit to their statements, and we cannot say they erred.

Again, in the petitory action, the plaintiff must himself produce title; not a mere paper title, but a title which is traced back to an author who had in himself the right of property in the thing sold. In this case, it was not enough to produce an act of partition; the plaintiff ought to have shown that the successions of *Joseph* and *Elizabeth Brown*, deceased, were the owners of the slave to which the heirs succeeded. In the absence of this proof, the defendant was not obliged to produce further evidence of ownership than her possession as owner. But she has not rested her case here. She produces five letters of the plaintiff, recognizing the defendant as owner, showing that plaintiff had become her lessee, and finally offering to buy the slave of the defendant.

The judgment of the lower court must be affirmed.