The opinion of the court was delivered by
McEnery, J.
This is a petitory action instituted for the recovery of S. >ó and N. W. % Sec. 27, T. 10 S., Range 1 West.
Plaintiff claims title through a tax sale made to one D. Webster in 1876 by the tax collector of the parish of St. Landry, and the defendant claims by purchase from John Craig, Robert Craig and John Craig, Jr., who purchased from the State of Louisiana in 1871 and in 1872, and who also claims through tax sale to Thomas Rice, September 3, 1881. The tax sale to Rice was in fact to the defendant, Miss Mary Craig, as she paid the amount for which the property was adjudicated and at her request the deed was made to Thomas Rice.
Prescription was pleaded by both parties. The plaintiff, attacking the title of a party in possession, can not sustain his title by a plea of prescription. As stated in Waddill vs. Walton, 42 An. 776, “the effort of the plaintiff in a petitory action to sustain his title by a plea of prescription against an attack therein by the defendant in possession can not be countenanced. The plaintiff has cited no precedent for such a reversal of the ordinary principles of pleading and of prescription, and we shall not establish one.” The defendant’s actual and corporeal possession of the property first dating from the time the lease of the property to one Richard has not been sufficient to maintain the plea. There are several other preliminary questions *1111 which it is not necessary to notice. The defendant is in possession, and the plaintiff must show a better title than the defendant, and being the attacking party, setting up a tax sale as the basis of his title, it must not only be prima facie good, but absolutely good, 42 An. 766.
The question then is as to the validity of the tax deed to Webster in 1876, under which the plaintiff claims, and if this is valid, whether the plaintiff, who purchased from Richard, the lessee of the defendant, is estopped from disputing the title of defendant to the property. The many questions presented and discussed with exhaustiveness by the district judge, need not therefore, under this view of the issues raised, be reviewed in this opinion.
There was judgment for plaintiff and the defendant appealed.
The tax deed to D. Webster, author of plaintiff’s title, is radically defective, and the statement in the deed that “ by virtue of the power in me vested by law, and strictly in accordance with all the legal provisions in such case made and provided, I, J. L. Morris, collector of State and parish taxes for the aforesaid parish, did seize and advertise for sale,” etc., will not cure the omissions of acts necessary for the validity of the sale of said property.
There was no notice of the delinquent tax, and as the law then existed, no curator ad hoc was appointed to represent the absent owner. Attempts were made by plaintiff to prove that all necessary acts were done and the curator ad hoc appointed; but the proof fails to establish the fact of the existence of these essentials.
There is no recital that a curator ad hoc had been appointed and no proof aliunde that one had been appointed, as was required by the revenue act under and by virtue of which the property was sold.
The tax sale was therefore absolutely null and void for this reason. Roff vs. Lowry, 80 An. 1275.
No notice was served on the tax debtor. The law required a written or printed notice to the agent or owner of the assessed property, and after the expiration of ten days, if the tax was not paid, the tax collector was authorized to seize and sell. The notice was an essential prerequisite to the seizure, and this could only be served on the owner personally or on his agent, or by service on a curator ad hoc to represent him.
It is elementary, and this court has frequently held, that non *1112 compliance with the statutory requirements and preliminary acts as to tax sales operates to vitiate such sales. Villey vs. Jarreau, 33 An. 296.
If the deed even exhibited a prima facie title to Webster, through whom plaintiff claims, the plaintiff suing for title against one in possession exhibiting title must show more than this. He must exhibit a title absolutely good, upon the strength of which he must succeed, and not the weakness of defendant’s title. 42 An. 763.
■ This case was before this court at its session in July, 1892, and is reported in 44 An. 885. The present defendant was then plaintiff suing for title, the present plaintiff being the defendant, setting up tax title as in this suit.
The facts are stated in the opinion of the court. The inquiry in the lower court had been exclusively directed to one of possession, and this court considered only the fact of possession, and remanded the case for a trial as to title. Mary Oraig, the then plaintiff, was maintained in possession, and the defendant, plaintiff now, instituted this petitory action against her. All questions, therefore, in this suit as to the fact of possession are eliminated from the issues involved.
Richard, who purchased from W. W. Dusson as the agent of D. Webster, who held the tax deed of 1876, leased, after his purchase, the property from Mary Oraig. In fact the tax deed to Webster seems to have been ignored by W. W. Dusson and by the vendee of Webster. W. W. Dusson, in 1884, was corresponding with the present plaintiff, advising her as to the danger she ran by permitting the property to be assessed to Thos. Rice instead of being assessed in her own name, and also receiving money from her to pay taxes, or at least he knew of the amount being forwarded, as in one of his letters he inquires why she forwarded so large an amount to pay the taxes, when only a tax of ten dollars was due. He acknowledged her title to said property by an offer to purchase from her. There was, as it appears, a double payment of taxes on the property. O. C. Dusson, sheriff, says Webster paid the taxes to the time of sale of the property to Richard, and it is certain, from the tax receipts and the record, that Mary Oraig promptly paid the taxes to the tax collector, and it would seem at times through O. O. Dusson, sheriff.
Richard, when he abandoned the title he had received from Webster, by leasing the property from Mary Oraig, who asserted *1113 ownership to it, adversely to his title, was forever estopped from asserting title through the tax sale, which he abandoned. As between Richard and Mary Oraig, her title was as absolutely fixed as though he had deeded to her the land. When Richard sold to Dusson he was the purchaser of property of another and received no title and could convey none to his vendees.
But the testimony in the record forces the conviction upon us that W. W. Dusson, who had acknowledged Mary Oraig as the owner of the property, had actual knowledge of the lease of Mary Oraig to Richard, and that Williams and Lambert, the latter the plaintiff, were parties interposed for the real purchaser from Richard, W. W. Dusson. It is unnecessary to review the testimony on this point. It is sufficient to say the correspondence between the parties, between Dusson and Mary Oraig, the business relations between Dusson and Lambert lead to this conviction.
It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and it is now ordered and decreed that plaintiff’s suit be dismissed with costs.