(43 South. 265.)

No. 16,210.

GLOVER v. HALEY et al.

(March 4, 1907.)

PETITORY ACTION—TITLE TO MAINTAIN.

As against a possessor in good faith, holding under a title translative of property, the plaintiff in a petitory action must establish a perfect title in himself.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Real Actions, § 22.]

(Syllabus by the Court.)

Appeal from Fourteenth Judicial District Court, Parish of Avoyelles; Gregory Horatio Couvillon, Judge.

Action by Charles P. Glover against A. E. Haley and others. Judgment for defendants, and plaintiff appeals. Affirmed.

White & Thornton & Holloman and Gremillion & Bordelon, for appellant. Lafargue & Lafargue, for appellees.

### Statement of the Case.

MONROE, J. This is a petitory action for the recovery of the E. ½ of the S. E. ¼ of section 19; the E. ½ of the N. E. ¼ of section 20; and a portion of the W. ½ of the N. E. ¼ of section 20, all in township 2 N., range 4 E.

Defendants set up title to the N. E. ¼ of section 20, and, alleging that they and their authors have been in possession for many years, plead prescription. As he asserts no title to, and is not shown to be in possession of, any part of section 19, plaintiff must go out of court, so far as his claim to land in that section is concerned, for lack of a defendant. The evidence shows that R. W. Kay and Ralph Smith acquired, in indivision, from the United States, by patent dated February 1, 1836, the E. ½ of the N. W. ¼, the E. ½ of the N. E. ¼ and the W. ½ of the N. E. ¼ of section 20, but the title disclosed by plaintiff begins with a sale, of date July 13, 1861, whereby C. H. Blanchard conveys to H. W. Verstille "the undivided half of the S. E. ¼ of section 19 and the N. E. ¼ and the E. ½ of the N. W. ¼ of section 20" (township 2 S., range 4 E.), there being nothing in the record to show how Blanchard acquired the interest so conveyed. In September, 1861, Verstille and A. G. Pearce, assuming to be the owners, in indivision, of the property as thus described in the sale from Blanchard to Verstille made a partition whereby Verstille took the E. ½ of the S. E. ¼ of section 19, the E. ½ of the N. E. ¼ of section 20, and (what may be called) the S. E. ½ of the W. ½ of the N. E. ¼ of section 20 (being that portion of the W. ½ of the N. E. ¼ which lies to the south and east of a line drawn from the northeast to the southwest corner of the tract). Pearce appears to have been the husband of Miss Sidney E. Kay, daughter, by first marriage, of R. W. Kay (the patentee of the land), who, it seems, died in 1860; but it is not shown that he had any title to the property partitioned by him and the same property was subsequently partitioned and sold by his widow as the heir of her father. In October, 1902, G. R. Glenn, the executor of Verstille, made a sale of the property to J. W. Smith, and included therein 200 acres in sections 19 and 20, township 2 S., range 4 E., and in March, 1904, Smith sold, by the same description, to R. V. Glenn, who, in March, 1905, sold, by the same description, to C. P. Glover, the plaintiff in this suit. In the meanwhile, in November, 1891, by an act of partition between Mrs. (widow) A. G. Pearce and her brother, B. W. Kay (and as the result of deeds executed by her half brother, C. Scott Kay, and her half sisters Mrs. West and Miss Mary Kay), there was conveyed to B. W. Kay the N. E. ¼ and the E. ½ of the N. W. ¼ of section 20. (This partition does not account

for interests which may have been held by Harvey Kay and Mrs. Kimball, brother and sister of the full blood of Mrs. Pearce, and B. W. Kay; the act of partition containing no reference to such interests.) In January, 1895, the heirs of B. W. Kay sold the property (N. E. ¼ and E. ½ of N. W. ¼ of section 20) to A. Baldwin, Jr. In April, 1897, Baldwin sold to the defendant according to the description by which he had acquired, and, though defendants may be said to have been in actual possession since their purchase, the evidence hardly justifies the belief that any one had been in actual possession, as owner, prior to that time; the land being a swamp.

### Opinion.

We agree with the learned judge a quo that plaintiff fails to make out his case. In fact, the title disclosed by the defendants seems the better of the two, since it is traced, in part, at least, to one of the original grantees, whilst the title set up by plaintiff originates, so far as the record shows, in a person who is not shown to have derived any title from either of the original grantees, or from any one else. Moreover, the description in the conveyances from G. R. Glenn, executor, to Smith, from Smith to R. V. Glenn, and from R. V. Glenn to plaintiff, are insufficient to identify the property sold, being nothing more than: "Two hundred acres in sections nineteen and twenty, township 2, south, range 4, East." The case is one in which the defendants being in possession, in good faith, under a title translative of property, the plaintiff, in order to recover, must establish a perfect title in himself. Code Prac. art. 44; Phelps v. Hughes, 1 La. Ann. 320; Sprigg et al. v. Hooper, 10 La. 350; Brown v. Brown, 15 La. Ann. 169; Lange v. Baranco, 32 La. Ann. 701.

The judgment appealed from is accordingly affirmed.