LAND, J.
 

 The plaintiff, wife of A. B. Bruton, instituted two separate suits in the district court of Claiborne parish, to recover an undivided one-eighth interest in a 20-acre tract, and an undivided one-eighth interest in a 40-acre tract, as one of the seven heirs of J. E. Powell and Mrs. E. J. Powell, deceased father and mother of claimant. The
 
 *65
 
 property in controversy is alleged to have been acquired by decedents during the existence between them of the community of acquets and gains. These suits were consolidated fór trial.
 

 In the first suit, No. 5578, plaintiff seeks to recover of Leo Braselton and the Z. & L. Drilling Company, his lessee under a mineral lease, an undivided one-eighth interest in' and to the N. % of the S. W. % of the N. E. % of section 27, township 23 north, range 8 west, containing 20 acres, and all the oil taken ■from said land, prior to the filing of her suit, and that may be thereafter taken.
 

 Plaintiff alleges that her father, J. E. Powell, and A. P. Powell owned this property in indivisión, one-half each, having acquired two-thirds interest in said property from J. , J. Bond by deed recorded December 19, 1889, and the other one-third from H. M. Hogue by deed recorded December 23, 1891, and that at her death plaintiff’s mother still owned a three-eighths interest in skid property.
 

 Nathan W- Peters acquired the S. % of the N. E. % of section 27, township 23 north, range 8 west, from the United States by entry July 9, 1859. This entry includes the S. W. % of the N. E. % of this section, and necessarily the N.
 
 %
 
 of the S. W. % of the N. E. %, claimed by plaintiff in this suit. The title to this property, however, has never passed out of Peters, the original entryman. The first break in the chain of title is a recorded deed from Mark Meeks to J. W. Cobb, of date April 15, 1869, conveying the S. % of the N. E. % of section 27, township 23 north, range 8 west.
 

 The second break in the chain of title is a recorded deed to this property from J. J. Bond to J. E. Powell, A. P. Powell, and H. M. Hogue, of date December 19, 1889.
 

 It is therefore clear that plaintiff has no title to the property in question, as the vendors of plaintiff’s authors in title were without title derived from the true owner, Nathan W. Peters, unless plaintiff has aequired title by the prescription of 10 years acquirendi causa, set up in aid of her title. This prescription is based upon alleged actual possession of the property in dispute by J. E. Powell, A. P. Powell, and H. M. Hogue from J. J. Bond, under recorded deed of date December 19, 1889. The record in this case, however, is barren of evidence to show that the vendees of Bond were ever in the physical possession of said land. The prescription of 10 years is therefore overruled. R. C. C. art. 3487.
 

 In the second suit, No. 5579, in the district court of Claiborne parish, plaintiff endeavors to recover of Leo Braselton and the Humble Oil & Refining Company, his lessee under a mineral lease, an undivided one-eighth interest in the S. % of the S. W. % of the N. E. % and in the N. % of the N. W. % of the S. E. % of section 27, township 23 north, range 8 west, a 40-acre tract. Plaintiff sues also for the recovery of the value of the oil alleged to .have been taken from the property.
 

 Thomas McAdams acquired the W. % of the S. E. of section 27, township 23 north, range 8 west, by entry from the United States December 23, 1856. The description of the property embraced in this entry includes the N. W. % of the S. E. % and the N. y2 of the N. W. % of said quarter, claimed by plaintiff in this suit.
 

 McAdams, the original entryman, has never conveyed title to the property in dispute to any one. The first break in the chain of title is a recorded deed from A. I. Waters, executor of the succession of G. Winn, deceased, to G. T. Winn, of date January 7, 1867, conveying the S. E.
 
 %
 
 of section 27, township 23 north, range 8 west. By recorded deed of date July 9, 1875, G. T.,Winn conveyed to R. P. Bond the N. % of the S. E. ^4 of section 27, township 23 north, range 8 west. The second break in the chain of title is a recorded deed, of date December 19, 1889, from J. J. Bond to J. E. Powell, A. P. Powell and H. M. Hogue. On Decern
 
 *67
 
 ber 23, 1891, Hogue conveyed by recorded deed to J. E. Powell and A. P. Powell his undivided one-third interest in the S. % of the N. E. % and in the N. % of the S. E. % of section 27. township 23 north, range 8 west. On January 26, 1894, A. P. Powell conveyed by recorded deed to E. J. Powell, for self and heirs of J. E. Powell, the S.' % of the N. E.
 
 %
 
 and the N. % of the S. E. % of section 27, township 23 north, range 8 west.
 

 It is therefore clear that plaintiffs authors in title derived no title from the original entryman, McAdams, and were . without title to convey.
 

 The plea of prescription of 10 years set up by plaintiff in aid of her title is unavailing, as such plea is based, in the second suit as in the first, upon the deed from J. J. Bond to J. E. Powell, A. P. Powell, and H. M. Hogue of date December 19, 1889, and the record fails to show any corporeal possession of this property at any time by the vendees of Bond, who are alleged by plaintiff 'to have had such possession. R. C. C. art. 3487.
 

 The defendant Leo Braselton and his lessees are admitted to be in the actual possession of the property in dispute. The defendant Braselton sets up in his answer title to the property in dispute under a private act of sale duly authenticated from W. G-. Hearn, of date December 23, 1908, and filed for record July 16, 1909, and duly recorded, and also an authentic act of sale from E. D. Ward to W. G-. Hearn, of date January 2, 1905, filed for record July 7, 1905, and duly recorded. Alleging that respondent and his author in title have been continuously in the actual possession of said property under deeds translative of property since January 2, 1905, respondent pleads the prescription of 10 years acquirendi causa, as vesting in him title to said property.
 

 “The plaintiff in an áction ■ of revendication must make out his title, otherwise the possessor, whoever he be, shall be discharged from the demand.” O. P. art. 44.
 

 It is elementary that in a petitory action plaintiff must recover on the strength of his own title, and not on the weakness of defendant’s title.
 

 Plaintiff being without title from the true owner, and not having acquired title by prescription, it becomes unnecessary for us to consider the plea of prescription set up by defendant in his answer.
 

 The judgment of the court below rejecting plaintiff’s demand in each suit is correct.
 

 Judgment affirmed.