CAPRA v. VIOLA

___

(December 15, 1930. Opinion and Decree.)
(January 5, 1931. Rehearing Refused.)
(February 2, 1931. Writs of Certiorari and Review Granted by Supreme Court.)
(April 27, 1931. Opinion and Decree in Supreme Court.)

___

Legier, McEnery & Waguespack, of New Orleans, attorneys for plaintiff, appellee.

M. C. Scharff and Chas. J. Rivet, of New Orleans, attorneys for defendant, appellant.

HIGGINS, J. This is a petitory action wherein the plaintiff seeks to be declared the owner of a small portion of ground lying at a distance of 65 feet, 2 inches and 4 lines from the corner of Royal and Kerlerec streets, and measuring 11 inches, and 4 lines front on Kerlerec street by a depth of 95 feet, 11 inches and a width in the rear of one foot, 2 inches and 7 lines. Plaintiff relied first, upon his record title and secondly pleaded prescriptions of 5, 10 and 30 years, based upon actual physical possession by his predecessors in title for forty or more years prior to March, 1918.

The defendant, in his answer, denies the ownership of the plaintiff, averring that he is in possession of his own property called for by his record title and further pleads prescriptions of 5, 10 and 30 years.

There was judgment in favor of plaintiff as prayed for and defendant has appealed.

It was agreed between the parties that in lieu of the introduction of various certified copies of the deeds, that the chain of title, giving the description of the property contained in the respective acts, together with the acquisitions and registrations in the conveyance office, could be offered in evidence, and that copies of the various plans without the necessity of identification, in lieu of the original plans, might also be offered in evidence.

Plaintiff has introduced in evidence a chain of title showing that on June 28, 1927, he acquired a lot of ground in square

.154, bounded by Royal, Frenchmen, Chartres and Kerlerec streets, this city, measuring 31 feet, 4 inches and 3 lines front on Kerlerec street by a depth of 95 feet, 11 inches between two equal parallel lines, and that the lot commences at a distance of 34 feet, 10 inches from the corner of Royal and Kerlerec streets, and identifying it with a plan made by Edgar Pilie on May 29, 1901, which is annexed to an act passed in 1901, that forms a portion of the chain of title. This chain is unbroken back to 1901, but in that year there was a slight change in the description in which the measurement of the lot was described as 31 feet, 1 inch front on Kerlerec street, and the act of sale referred to a plan by Geo. W. DeArmas, surveyor, dated February 19, 1889, a copy of which plan was annexed to the act, forming a portion of the chain of title. This description was retained back to 1882 with the exception that prior to 1889 no reference was made to the plan of DeArmas. Plaintiff did not introduce in evidence any chain of title prior to 1882.

. Plaintiff filed in evidence copies of three plans, the first being a survey. by Edgar Pilie, surveyor, dated May 29, 1901, which shows that improvements on the side nearest Chartres street were built on the property belonging to the plaintiff's predecessors in title and that, its wall formed the dividing line of plaintiff's property and defendant's property. This plan gives the distance of plaintiff's lot from the corner of Royal and Kerlerec streets, as 34 feet, 10 inches, and appears to cover the property claimed by the plaintiff.

The second plan was a copy of survey made by Geo. W. DeArmas, surveyor, dated February 19, 1889. This plan does not show the distance of the lot from the corner of Kerlerec and Royal streets, but shows the improvements constructed on the property, and further shows that the dividing line was the wall of the improvements constructed on plaintiff's lot and that these improvements ran practically the entire depth of the lot with the exception of a few feet in the rear, where apparently a shed was constructed.

The third plan introduced by the plaintiff was a survey made by E. L. Eustis on July 6, 1927. This plan showed the portion or strip of property in question as belonging to the plaintiff, and in the possession of the defendant.

Plaintiff also introduced in evidence the testimony of several witnesses, one of whom was Jean Ferran, the former owner of the lot of the plaintiff and who acquired the property in 1901 and remained in undisturbed, continuous, unequivocal possession, under title translative of property until March 21, 1918, and that the wall of improvements formed the dividing line between the lot of the plaintiff and the defendant's property.

Plaintiff then introduced in evidence the testimony of four witnesses who testified that the improvements which were constructed on the property remained unmoved and undisturbed for more than thirty years and were not destroyed until about March, 1918.

These improvements appear to be the same as shown on the plans of DeArmas and Pilie.

Mr. E. L. Eustis, an engineer and surveyor, also testified in behalf of the plaintiff, saying that he had made a survey of the property and had allotted the strip in question to the plaintiff because in his examination of the records, he had come to the conclusion that the plaintiff's title

covered this property and further because of physical possession of the plaintiff's authors in title for more than forty years, as shown by the above referred to plans.

Defendant's evidence shows that on November 4, 1910, he acquired a lot of ground in square 154 bounded by Kerlerec, Royal, Chartres and Frenchmen streets, measuring thirty feet, eleven inches and seven lines front on Kerlerec street by 95 feet, 11 inches in depth. He also introduced in evidence an unbroken chain of title showing a title under the same description back to 1866.

Defendant further introduced in evidence a plan by J. W. Seghers, deputy city surveyor, dated August 16, 1927, which gives the same measurement for the frontage of the defendant's property but a difference of one inch more as to its depth according to actual survey.

Defendant and his son testified that the old building, which was located on both lots so that the middle wall formed the dividing line between the properties, was destroyed in March, 1918, and that the present fence was erected shortly thereafter on the same line as the line of the former division wall.

There are two questions presented to the court, first, whether the plaintiff has successfully borne the burden imposed upon him in a petitory action of establishing his superior record title to the property and if not, secondly, whether the plaintiff has acquired a prescriptive title.

The law is plain that the burden is upon the plaintiff to establish or prove a superior record title to the property and he cannot depend upon the weakness of the defendant's title to the property. Boiron et al. v. Lock Moore & Co., Ltd., et al., 165 La. 57, 115 So. 366; City of New Or-

leans v. Union Lumber Co., 145 La. 476, 82 So. 588; Glover v. Haley, 118 La. 649, 43 So. 265.

It is evident that there is a conflict between the titles. It is apparent that the common ancestor sold more land than he owned, because the plaintiff claims he has not all of the property called for by his title and the defendant claims that he is only in possession of the property called for by his definitive title. If the plaintiff has a better title to any part of the property owned by the defendant it can only be by purchase from a common ancestor. However, plaintiff has failed to trace the title to a common ancestor, has failed to establish who the common ancestor was or when he parted with the title under which plaintiff claims. But even if the plaintiff had traced the title to a common ancestor and had shown that he had acquired first, there would yet be a doubt as to his right to prevail over the defendant, as the plaintiff's chain of title calls for an uncertain front measurement, whereas the defendant's chain of title is for a fixed front measurement. The plaintiff's chain of title prior to 1901 shows a front measurement of "31 feet, 1 inch, more or less." The defendant's title has always been for 30 feet, 10 inches and 7 lines front on Kerlerec street, as far back as 1866. If the plaintiff's title is the only one of the two coming from a common ancestor containing the words "more or less" it would be obvious that the common ancestor intended to impose upon the plaintiff's lot any discrepancy in the measurement.

We conclude that the plaintiff has failed to prove or establish a superior record title to the property in question.

But, says counsel for the plaintiff, even

conceding that plaintiff has failed to prove a record title to the property in question, he has acquired it by virtue of prescription of 10 and 30 years which he pleaded. Defendant counters by saying that this is not permissible in a petitory action, where defendant is in possession and claiming under a definitive title. It is noted that by his petition, plaintiff seeks to oppose to the defendant's record title a plea of prescription, where the defendant is in possession of the property under a title translative of the property.

In the case of Waddill v. Walton et al., 42 La. Ann. 763, 7 So. 737, 738, the Supreme Court said:

"The effort of the plaintiff in a petitory action to sustain his title by a plea of prescription against any attack thereon by the defendants in possession, cannot be countenanced. The plaintiff has cited no precedent for such a reversal of the ordinary principles of pleading and of prescription, and we shall not establish one.

"We have maintained the prescriptions of three years and of five years in favor of tax purchasers in possession, as a shield against actions by former owners to invalidate such titles, and to oust them from possession. But when the holders of such titles, having never obtained possession, assume the character of petitory plaintiffs and seek to oust the former owners, whose possession has never been divested, they must establish their title unaided by such prescriptions.

"Defendants have brought no action to invalidate plaintiff's tax-title.

"They are simply defending their own possession and title against an attack made by him. He must submit to the burden imposed on every petitory plaintiff of showing a title, not merely prima facie, but absolutely good."

In the case of Lambert v. Craig, 45 La. Ann. 1109, 13 So. 701, the Supreme Court quoted from Waddill v. Walton, supra, and again held that the effort of a plaintiff in a petitory action to sustain his title by a plea of prescription against a defendant in possession under title, could not be countenanced.

This appears to be the situation here. The plaintiff claims title to a part of defendant's property. Defendant has interposed as a bar to plaintiff's demand a record title under a chain running as far back as 1866. Plaintiff seeks to oppose to this title some prescriptive advantage which he alleges existed in his ancestors in title. We conclude that a plaintiff in a petitory action cannot defeat defendant's supertitle by pleas of prescription where defendant is in possession. But, counsel for plaintiff says that the doctrine of the two above cases is confined to tax sales. An examination of the cases shows that they were both petitory actions and nothing is said by the court to limit the principle of law to tax titles or sales.

In view of the above opinion it is unnecessary to discuss the evidence as to prescription.

Counsel for plaintiff has referred us to the case of Bruton v. Braselton, 157 La. 64, 101 So. 873.

We do not find that case in point because the question presented here was not raised in that case and the language which counsel for plaintiff has pointed out to the effect that plaintiff in that case had failed to establish title to the property, "unless plaintiff has acquired title by the prescription of ten years acquirendi causa set up in aid of her title" is obiter dictum.

For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that there be judgment in favor of the defendant, dismissing plaintiff's suit at his cost.