HARDY, Judge.
This is a petitory action and plaintiff appeals from judgment responsive to a motion to dismiss which sustained the motion and dismissed plaintiff’s action with prejudice.
Originally these defendants filed a pos-sessory action in answer to which this plaintiff, by way of reconvention, asserted title thereby converting the suit into a peti-tory action. An exception of vagueness was filed and sustained and the plaintiff in reconvention was granted a period of time within which to amend. Upon motion of defendant his reconventional demand was dismissed, whereupon judgment was rendered recognizing the right of plaintiffs to possession of the property described and ordering defendant to assert its claim of title within a period fixed by the court. Subsequently, this suit was filed within the delay provided.
Plaintiff-appellant specifies error (1) as to the action of the district judge in sustaining defendants’ exception of no cause of action, and (2) in dismissing plaintiff’s suit with prejudice.
Appellant’s first specification of error is based upon the contention that plaintiff’s amendment of its petition pleaded a claim of title deraigning from the common author which was sufficient to establish a cause of action. To the contrary, it is urged on behalf of defendants that plaintiff was ordered to plead a perfect title and the mere pleading of a chain of title emanating from a common author was not sufficient.
Since the defendant is in possession of the property in dispute and has been recognized by judgment of the court as entitled to possession, plaintiff must bear the burden of proving a valid title under the requirements of C.C.P. Article 3653 (1), relating to proof of title by plaintiff in a petitory action.
However, the codal requirement above noted relates to proof which can only be the result of evidence adduced on trial and does not concern a technicality of pleading.
Counsel for defendants argue that plaintiff is required to make out a “perfect” title beginning with severance from the public domain by patent. Our jurisprudence has firmly established the rule that it is unnecessary to deraign title beyond a common author of the titles of the rival claimants inasmuch as neither can attack the title of the common author from which both claim. This rule was enunciated as early as 1835 in the case of Bedford v. Urquhart et al., 8 La. 234, and has been reiterated in innumerable cases. In Blevins v. Manufacturers Record Publishing Co. (1958), 235 La. 708, 105 So.2d 392, the opinion of the court again declared that it is unnecessary to deraign title back beyond the acquisition of title by the common author. While most of the cases which involved this principle were considered after trial on the merits, the case of Consolidated-Progressive Oil Corporation v. Standard Oil Company, 158 La. 982, 105 So. 36, is particularly appropriate to the case before us by reason of the fact that the issue was presented on appeal from a judgment sustaining an exception of no cause of action. The court held that the validity of a title emanating from a common author could not be attacked
“ * * * either under an exception of no cause of action, or under the evidence adduced on the trial of the merits, * *
Defendants-appellees rely substantially upon the pronouncement in Hutton v. Adkins (La.App. 2nd Cir., 1939), 186 So. 908, as follows:
“As against a possessor in good faith holding under a title translative of prop *830 erty, a plaintiff in a petitory action, to succeed, must establish title in himself perfect in character. Glover v. Haley et al., 118 La. 649, 43 So. 265.”
The statement above quoted was in itself .almost a literal repetition of the identical principle contained in the opinion of the Supreme Court in the Glover case.
Both the Hutton and the Glover cases were before the court on appeals following trials on the merits and the pronouncements by the courts which pointedly use the word “establish” unquestionably relate to the burden placed upon a title claimant in those cases in which the adverse claimant is in possession. Admittedly, this is a heavy burden of proof as noted in the •comments under C.C.P. Article 3653, but it is not a burden which is applicable to pleading. To require a claimant to plead a perfect title would be unreasonable since the question of perfection, vel non, can be determined only upon the basis of proof resulting from a trial on the merits.
In the case before us plaintiff claims title by conveyance from the only heir of the deceased wife of one Wallace A. Robinson, the common author of the titles under which both plaintiff and defendants claim ownership. This allegation is sufficient to sustain a basis for plaintiff’s cause of action.
For the reasons assigned the judgment appealed from is set aside, annulled and reversed, and
It is now ordered, adjudged and decreed that defendants’ exception of no cause of action be and it is overruled and the case is remanded to the Honorable Fifth Judicial District Court in and for the Parish of Richland, State of Louisiana, for further proceedings consistent with the views expressed in this opinion.
Costs of this appeal are taxed against defendants-appcllees, and it is ordered that the assessment of all other costs await final determination.