BOUTALL, Judge,
dissenting.
I dissent from the majority opinion.
First, I am of the opinion that Badeaux has properly brought a petitory action against this defendant. C.C.P. Article 3651 describes a petitory action as one brought by a person who claims the ownership, but is not in possession, of immovable property, against another who is in possession or who claims the ownership thereof adversely, to obtain judgment recognizing the plaintiff’s ownership. In his petition, plaintiff alleges that he has been in continuous, open, notorious and adverse possession of the property for a period in excess of 30 years and claims title by the acquisitive prescription of 30 years. He then delineated the defendant’s occupancy of the land reciting in Article IV that in October, 1977 the defendant did exert an adverse claim against the property by exercising adverse possession against him and describing defendant’s actions. In Article V he alleged that the defendant was in possession of a portion of the property without any right to possession, and that defendant refused to deliver possession to plaintiff. These allegations clearly show that plaintiff had possession at one time but is now out of possession since October, 1977, and thus satisfies the requirement of the article relating to possession.
The other requirement of the petitory action is that it be brought by a person who claims the ownership of immovable property. Plaintiff here claims ownership not as a result of recorded titles, but by the acquisitive possession of the land and public and unequivocal exercise of ownership provided in Civil Code Articles 3499 and 3500. Such a prescription is one of the methods of acquiring title to real property in this state. Those who claim to own real property under a title by prescription have a right, by the petitory action to vindicate their titles as against those who claim an adverse interest. Theriot v. Bollinger, 172 La. 397,134 So. 372 (1931); Capra v. Viola, 172 La. 731, 135 So. 41 (1931). These cases, although decided under our old Code of Procedure, are nevertheless still applicable to our 1960 Code of Civil Procedure, Article 3651.
Additionally, it should be pointed out that the plaintiff’s petition ends with a prayer that plaintiff be recognized as the true and lawful owner of the property, and such a prayer can hardly be consistent with the possessory action of Article 3655 in view of the prohibitions against cumulation of the petitory and possessory actions in the same suit contained in Article 3657.
Passing now to a consideration of the merits, I refer to Code of Civil Procedure Article 3653 which sets out the requirements to obtain a judgment recognizing ownership. The trial court found the following:
*979 “The testimony of Bourgeois, Bernard, Mrs. Bernard and plaintiff was sufficient to show that plaintiff had been in continuous and uninterrupted possession of the land in dispute in excess of thirty years; that he possessed openly and notoriously as owner against the world; and that he exercised corporeal possession over the whole disputed tract.”
Without contradiction the plaintiff exercised open and corporeal possession over that portion of the tract upon which he lived since 1942, and the only dispute is as to that portion of the whole tract which is occupied by Pitre’s camp, wharf and boatshed. As to that portion I note that Badeaux had uncontradicted possession from 1942 to 1963 at which time he gave a friend of his, Harry Saucier, permission to occupy that portion of the property for use as a camp site, under the condition that if Saucier sold the camp, he would tender it back to plaintiff first. Saucier occupied the camp for nine years, and on April 13, 1972, after first offering the camp to Badeaux, sold it to a friend of Badeaux’s whom Ba-deaux solicited, the present defendant, Warren Pitre. Pitre admitted that he was only buying the camp, boatshed, etc. and not the property, and apparently there were friendly relations between the parties until the events complained of in 1977, shortly before this suit.
I am of the opinion that these facts support the finding of the trial judge that plaintiff exercised the requisite 30 years possession to acquire ownership of the property. Referring to the rule relating to possession I refer to Civil Code Articles 3426 and 3436 which state:
“Art. 3426. Possession is the detention or enjoyment of a thing, which we hold or exercise by ourselves, or by another who keeps or exercises it in our name.”
“Art. 3436. To be able to acquire possession of property, two distinct things are requisite:
1. The intention of possessing as owner.
2. The corporeal possession of the thing.”
Plaintiff possessed without incident from 1942 to 1963. At that time he granted permission to Saucier to build a camp and boatshed on a portion of the property. Saucier admits that he never had any intention of possessing as owner and that he was occupying through Badeaux’s permission. At this time Badeaux had not yet acquired 30 years of possession and so could not claim as owner, but he had acquired the right of possession through his 21 year occupancy. We refer to Civil Code Articles 3437 and 3442.
“Art. 3437. It is not necessary, however, that a person wishing to take possession of an estate should pass over every part of it; it is sufficient if he enters on and occupies a part of the land, provided it be with the intention of possessing all that is included within the boundaries.”
“Art. 3442. When a person has once acquired possession of a thing by the corporal detention of it, the intention which he has of possessing, suffices to preserve the possession in him, although he may have ceased to have the thing in actual custody, either himself or by others.”
The dealings between these parties convince us that Badeaux had no intention of renouncing his possession of the property and his right of possession, as demonstrated by the conditional permission to build and occupy that he gave. See Civil Code Articles 3443, 3444, 3447, 3448. I conclude therefore that the possession of Badeaux continued through the possession of Saucier, and in 1972, Badeaux had acquired the necessary 30 year period of possession for acquisition of ownership of the property.
Accordingly, I dissent from reversal of the judgment appealed.