Statement of the Case.
NICHOLLS, J.
Clara Brown, wife of Pierre Harris, aided and assisted by her husband, averred in her petition filed on the 7th of November, 1903, that she was the owner of a house and lot in the city of Natchitoches, which she described (it being her separate and paraphernal property), reasonably worth the sum of $2,300; that without there having been any legal assessment of the same, without there having been any demand made on her to pay any taxes on the same, without there ever having been served on her any notice that her taxes were due, without any legal advertisement of the-same, that her property was pretended to be sold to E. V. Deblieux on the 19th of July, 1900; that the same was sold for taxes not due, or for taxes paid prior to the sale of the same; that the same was not sold for her debt, but for the debt of her husband, Pierre Harris. Petitioner averred that after the same had been deeded illegally to E. V. Deblieux, rather than have a lawsuit about the same, she offered to pay the administrator of the succession of E. V. Deblieux the amount claimed of her, to wit, $8.30; that the administrator told her or her representative that she could take the- *88 .property, as she had a right to redeem it, but ' that it would he necessary to hold some kind of a family meeting to recover the property, and that as soon as they held a family meeting that this would he attended to; that by this means petitioner was lulled into inaction, and now they have refused to reconvey her property to her; that this acknowledgment was made in December, 1901, and in the spring of 1902, as will be shown on trial; that she would have taken legal proceedings at the time but for this recognition of her rights, and this agreement to have the matter attended to when the family meeting was held; that no family meeting had been held, nor had any action been taken looking to the reconveyance of her property, and that she now desired to institute suit for the recovery of the same. Petitioner now represented that the said property was well worth the sum of $2,300. Petitioner represented that E. V. Deblieux was dead, and that his estate was being administered by one Jeff Deblieux, of the parish of Natchitoches, as the administrator of the said succession, and on him service and citation should be made. Petitioner represented that the acts of the said Deblieux were such as to make him a possessor in bad faith, and accountable for the rents and revenues of the said property. Petitioner further represented that the said property was well worth the sum of $5 per month rent, and that she should have judgment at said rate for' said property since the day of said sale and for each month which may elapse before she shall again be put in possession of her property. Premises considered, petitioner prayed for service and citation of said Jeff Deblieux, administrator of the succession of E.-V. Deblieux, deceased, and on final trial for judgment decreeing her the owner and entitled to the possession of her property, and for judgment against him in the sum of $5 per month from the day of the said sale; that the so-called tax sale be annulled and set aside, being null and void; and for all and general relief and cost of suit to be taxed.
Defendant answered, first pleading a general denial, but admitting that E. V. Deblieux purchased the property sued for at a tax sale. He averred that the tax title acquired by him was good and valid; that over one year had expired, and his title was perfect and valid, as defendant had been in possession of the property ever since the sale as a good-faith purchaser, which was over three years when the present suit was filed; that the property was properly and validly assessed; that the assessment was one on which a valid and good tax title could be made and was made; that all the requirements of the law were fulfilled as the law directs from the time of the assessment to the final adjudication to the defendant by the sheriff; that the purchase and tax money paid by defendant for the property, with cost of sale, had never been tendered or returned to defendant by the plaintiff before filing this suit, and she was debarred from claiming the property before paying or tendering the same; that defendant made or offered no compromise or agreement to return property to the plaintiff — on the contrary, refused to do so; that defendant was not possessor in bad faith, or owed rent, as he had been in possession under good-faith title; that this suit was not brought in three years from the date of sale, as the law required, so action was too late, and prescribed by prescription of three years; that property was not redeemed within one year, so title was prescribed by prescription of one year. He prayed that his plea of estoppel and prescription of one, two, or three years and other pleas be maintained, and that the title held by him be decreed a good and valid title and a valid sale. The' district court rendered judgment in favor of the plaintiff and against the defendant, decreeing the plaintiff the owner of the property described, *89 and setting, aside the tax sale oí the same; that plaintiff recover rent at the rate of two dollars and a half per month from judicial demand. Defendant appealed to the Court of Appeal, First Circuit, parish of Natchitoches. The plaintiff and appellee moved to dismiss the appeal on the various grounds, one being that the Court of Appeal was without jurisdiction, the value of the property in litigation being alleged to be worth $2,300. The court sustained the exception to its jurisdiction, but, appellant having filed an affidavit as required by Act No. 56 of 1904, the cause was transferred to the Supreme Court under the provisions of that act.
Opinion.
Judgment having been rendered by the district court in favor of plaintiff, defendant applied for and obtained an order for an appeal to the Court of Appeal, which he perfected by giving bond. Plaintiff moved to dismiss the appeal on several grounds, one of which was that the court was without jurisdiction, as the matter in dispute exceeded that court’s jurisdiction. This exception was held well taken, but the court, instead of dismissing the appeal, ordered the case to be transferred to the Supreme Court, under authority of Act No. 56 of 1904, on defendant’s making affidavit as required by that statute. That affidavit was made, and the case was brought before us under the order of" transfer, and it has been submitted on brief filed by both sides. Defendant suggests (but only in his brief) that the property is only worth two or three hundred dollars. Plaintiff says nothing on that subject. Defendant, instead of bringing the case up on a writ of review, which would have called in question the correctness of the conclusion reached by the Court of Appeal as to its own jurisdiction, or seeking to have that court compelled to dispose of the appeal through a mandamus from this court, acquiesced in the correctness of the judgment of the Court of Appeal; that it was without jurisdiction, and the case is here on the theory of the act of 1904; that the appeal which he had taken was to the wrong court — in other words, that the appeal which he took should have been originally asked by him to be returned to this court. As matters stand, defendant cannot consistently call on us to review the action of the Court of Appeal in ordering the case to be brought here, as it was done at his own instance. Besides, were we to dismiss the case ourselves as not properly before us, the effect would be to leave the judgment of the district court in full force and effect as it was rendered in April, 1904. Plaintiff herself in her petition alleged (whether rightly or wrongly) that the property in litigation was worth '$2,300, and on the strength of that allegation she succeeded in having the Court of Appeal disclaim jurisdiction. The value of property is á question of fact Defendant raised no issue as to value in either court, nor was the matter disclosed by the evidence. The Court of Appeal, as to jurisdiction, acted on the faith of the pleadings. This court has to do likewise. It is shown by the record that the sale of the property involved herein* on the 7th of July, 1900, to E. Y. Deblieux, was an absolute nullity. The property did not belong to Pierre Harris, in whose name’ it was assessed, but to the plaintiff, Clara Harris, being her paraphernal property, inherited by her from her father, Moses Brown. His title was of record in the parish of Natchitoches. The plaintiff, an ignorant colored woman, seems to have known very little either as to her legal rights or her legal obligations. Her husband was willing to allow the property to be assessed in his name, and to individually pay the taxes on the same. She took no part in this, and there is nothing shown in respect to.the matter which would estop her from contesting the assessment made in her husbandis name and the sale made thereunder. The *90 deed which the defendant sets up as the basis of title is as defective as it can well be. It recites in sweeping terms that the tax collector, having complied with all the preliminary formalities specified in and required by the act under which he was acting (Act No. 55, p. 57, of 1888), advertised the property for sale on the 24th of May, 1900 (which advertisement was continued weekly until the day of sale), stating that it would be sold for the taxes for the year 1899, and the interest and costs due thereon, the same having been assessed to Pierre Harris as the owner thereof, as shown by the tableau of assessment for the year 3899; that the taxes, interest, and costs thereon were as follows:
State taxes 1899 ..................... $ 60
Parish tax 1899 ..................... 1 00
Advertisement of 1899................ 1 40
Poll ................................ 1 00
Interest ............................ 05
Notice ............. 25
Cost of sale ......................... 3 50
Bridge ............................. 50
Making a total of................ $8 30
That under the fifty-third section, p. 130, of Act No. 85, he had adjudicated the whole 'of the property to E. Y. Deblieux. That in consideration of the sum of - dollars, the same being the amount of taxes, interest and costs for the year -, he sold and transferred the property to Deblieux.
There is no mention that the notices required by law had been given, nor is there any mention in the deed that Deblieux had paid the price of adjudication. There is no pretense that any notice, was given to the plaintiff. It will be seen that the tax of 1899, for which the- property was claimed to have been sold, were state taxes 60 cents; poll tax $1, city tax $1.
We find in the transcript tax collector’s receipt for the year 1899 to Harris: State tax 96 cents, township tax $1.60, poll tax $1. Uso an extract from the “Assessment Bolls” for 1899 in the name of Pierre Harris: State tax 96 cents, parish $1.60, poll $1; total, $3.56.
So that Pierre Harris appears to have paid in 1899 the full amount on the assessment roll against him for the year 1899, but we find the following extract for the year 1899 from the assessment roll of the state tax collector:
1899. Assessment Boll. Natchitoches Supplement. House and Lot on corner of Demeziere and Second streets.
State tax .60. Parish $1. Poll $1. Special .50. Total $3.10.
The property in question was evidently sold to Deblieux under this assessment. In fact, there is a statement to that effect under the extract from the assessment roll just below. It thus appears that a poll tax of $1, of 1899, was paid twice through a sale of this property ; also for a parish tax of $1, and also an additional parish tax of $1.60. Pretermitting the question whether the real estate could have been sold in enforcement of the poll tax, and assuming that it could, the fact is that it was sold for the payment of a poll tax which had already been paid. The amount so paid was small, but so also were the other taxes upon the property. It was, relatively to the state tax, the larger tax of the two.
The sale made in July, 1900, was made in enforcement in part, at the very least, of a tax which had already been paid, and by reason of that fact escapes from the protection afforded by the prescription of three years provided for in article 233 of the Constitution of 1898. It is well settled that a tax sale made in enforcement of a tax which is partly due and partly not due is null in its entirety.
Article 233 of the Constitution does not alter or pretend to alter that rule. The view we take of the legal situation dispenses us from passing upon that question, or that discussed as to the alleged “supplemental roll” and the circumstances under which it was made.
Plaintiff urges in addition to other matters that neither she nor her property was or *91 could be liable for a poll tax due by her husband; that if such a tax had been due at the time of the sale it would have been a debt due by her husband, and a sale made of her property to pay her husband’s debts would have been an absolute nullity.
For the reasons herein assigned, it is ordered, adjudged, and decreed that the judgment of the district court herein appealed from be, and the same is hereby, affirmed, with costs of this court upon the defendant and appellant.