(86 South. 917)

No. 22662.

## MECOM v. GRAVES.

(Jan. 3, 1921.)

*(Syllabus by Editorial Staff.)*

1. Judgment ⬤⟾654—Nonsuit against plaintiff not final judgment upon a demand made in the answer.

A judgment of nonsuit against a plaintiff in a petitory action is not a final judgment upon a demand made in defendant's answer to be decreed the owner of the property in dispute.

2. Taxation ⬤⟾803—Sale for partly paid taxes is null and not protected by limitations.

A sale of land for taxes a part of which were previously paid, no matter by whom, is absolutely null, and is not protected by the prescription of three years.

3. Taxation ⬤⟾803—Land must be assessed for taxes for which sold.

The fact that land was not assessed for the taxes for which it was sold would make the sale an absolute nullity not protected by the prescription of three years.

4. Real actions ⬤⟾7(3)—Petitory action; title of defendant not at issue until plaintiff proves apparently valid title.

The title of the defendant in a petitory action is not at issue until the plaintiff has prov-

en an apparently valid title in himself, and where defendant, without first proving her title, was allowed to show, and did show, that tax deed upon which plaintiff relied was absolutely null, it was unnecessary for her to show that she had title.

Appeal from Thirtieth Judicial District Court, Parish of Caldwell; F. E. Jones, Judge.

Action by M. L. Mecom against Laura E. Graves. Judgment for plaintiff, and defendant appeals. Judgment annulled, and suit dismissed.

Stubbs, Theus, Grisham & Thompson, of Monroe, and C. P. Thornhill, of Columbia, for appellant.

J. W. Hawthorn, of Alexandria, for appellee.

O'NIELL, J. This is a petitory action, in which plaintiff sued for a tract containing 120 acres of land, described as the S. ½ of the N. E. ¼ and N. W. ¼ of S. E. ¼ of section 3, in township 13 north, range 4 east.

Judgment was rendered in favor of plaintiff for all of the land excepting about 30 acres which defendant had under fence and in cultivation. Defendant alone has appealed.

Plaintiff claims title under an alleged tax sale, of date the 20th of October, 1900, for the taxes of 1898 and 1899, said to have been assessed in the name of Claus Bogel. Plaintiff sold the land to N. M. Davis on the 10th of March, 1903. The latter instituted a petitory action against the husband of the present defendant, J. Q. Graves, who was then in possession as owner of the land; and the suit resulted in a judgment of nonsuit. Thereafter, that is, on the 23d of December, 1913, the present plaintiff, M. L. Mecom, returned to Davis the price he had paid for the land, and the latter gave a quitclaim deed or retrocession to Mecom.

The defendant in this suit claims title under and by virtue of the last will and tes-

tament of her husband, J. Q. Graves, who died on the 14th of March, 1913. In the will, defendant was named as the sole heir and universal legatee of the deceased, and executor of his will. When the will was offered for probate, the plaintiff in this suit was clerk of the district court, and it was by his official order and decree, acting for and in the absence of the judge, that the will was admitted to probate and ordered executed. It was also under his official order, acting for and in the absence of the judge, that the inventory was made; and, in the order, plaintiff appointed and designated himself as the officer to make the inventory. Both orders are dated the 22d of March, 1913, more than three years prior to the institution of the present suit. In the inventory made by plaintiff, in his capacity as clerk of court, of date the 10th of April, 1913, is described the property now in contest, as belonging to the succession of defendant's husband, J. Q. Graves.

Graves bought the land from Levy & Haas in 1874. The deed having been lost, Graves proved his title by secondary evidence in the suit of Davis v. Graves; and the entire record of that suit, including the testimony in the case, was introduced in evidence in the present suit, without objection on the part of the present plaintiff.

[1] The manifest reason for introducing the record of the suit of Davis v. Graves in evidence in the present suit was that each party hereto pleaded res judicata, each invoking the judgment or decree rendered in the suit of Davis v. Graves. There was no merit in the plea of either party, because the judgment in the former suit was one merely of nonsuit, at the plaintiff's cost. Plaintiff in this suit argues that the decree rendered in the suit of Davis v. Graves was a tacit rejection of the demand of the defendant, Graves, in his answer to the suit, to be decreed the owner of the land. But it is too plain to admit of much discussion that a judgment of nonsuit against the plaintiff in a petitory action is not a final judgment upon the demand made in the defendant's answer to be decreed the owner of the property in dispute.

In the written opinion delivered by the district judge in this suit, the tax deed upon which plaintiff relies was declared an absolute nullity, not protected by the prescription of three years, invoked by plaintiff.

[2] There are several reasons why the tax deed relied upon by plaintiff is absolutely null as to the land in contest. In the first place, a part of the land was assessed to one Darius Hebert, for the taxes of 1899, and the taxes on that part of the land were paid by him previous to the date of sale. The part of the land on which Hebert paid the taxes of 1899 is the undivided half of S. E. ¼ of N. E. ¼ and N. W. ¼ of S. E. ¼ of section 3, in township 13 north, range 4 east. In fact, Hebert paid the taxes on the undivided half of the entire S. E. ¼ (as well as of the S. E. ¼ of N. E. ¼) of section 3. It is well settled that a sale made for taxes a part of which were previously paid, no matter by whom, is absolutely null and is not protected by the prescription of three years. Harris v. Deblieux, 115 La. 147, 38 South. 946; Booksh v. Wilbert Sons, 115 La. 351, 39 South. 9; Doullut v. Smith, 117 La. 491, 41 South. 913; Page v. Kidd, 121 La. 6, 46 South. 35; Board of Commissioners v. Concordia Land & Timber Co., 141 La. 247, 74 South. 921.

It appears also that the taxes on all lands assessed in the name of defendant's husband in 1898 and 1899 were paid by him punctually, and that the description of the lands assessed to him, although vague and indefinite, very likely included in its area the land now in contest.

The evidence in this case leaves a serious doubt that the land in contest, although it is included in the lands described in the tax deed

held by plaintiff, was actually sold, or offered for sale, by the tax collector. The instrument purports to have conveyed more than 30 tracts of land, embracing nearly 6,000 acres, described as subdivisions of sections, in six townships, besides six town lots; all of which property is described as embraced in one assessment, in the name of Claus Bogel. As a matter of fact, the name Claus Bogel was not on the assessment roll at all, either for the year 1898 or for the year 1899. The name appeared in only the last two of the five issues (last preceding the date of the tax sale) of the weekly newspaper in which all proposed tax sales of the year 1900 were published. The tax collector, in offering the property for sale, read the description from the assessment in the name of Mrs. J. C. Wiltz (supposed to have been Claus Bogel's author in title), for the taxes of 1899, although the sale was being made as if for taxes assessed to Claus Bogel. The land in contest was not assessed to Mrs. Wiltz for that year. And it is admitted that she did not, and that Claus Bogel did not, ever own the land, as far as the records of the parish show.

[3] If it be assumed that the land in contest was actually sold by the tax collector, the fact that it was not assessed for the taxes for which it was sold would make the sale an absolute nullity, not protected by the prescription of three years. Guillory v. Elms, 126 La. 560, 52 South. 767; Morton v. Xeter Realty Co., 129 La. 775, 56 South. 883; Board of Commissioners v. Concordia Land & Timber Co., 141 La. 247, 74 South. 921.

The theory upon which the district court gave judgment in favor of plaintiff for that part of the land that was not fenced or cultivated by defendant was that she did not set forth her chain of title in her answer to this suit. She alleged that she was the owner in possession of the land; that she had acquired title from the succession of her deceased husband, J. Q. Graves; and that the title thus acquired was a complete and perfect chain of title emanating from the United States government.

The land was all forest or timber land when defendant's husband bought it, in 1874. He had it surveyed then, and had the boundary lines marked, and assumed some character of possession or dominion over it. Several years later, nearly 20 years before this suit was filed, he fenced in a part of the land, and used it as a pasture for his horses and cattle. Later, that is, nearly 10 years before this suit was filed, he fenced in another part of the land and built a house upon it and began cultivating it. Four houses were built upon that part of the land, by Graves or his widow, before this suit was filed.

[4] By the nature of this suit, which is characterized in plaintiff's brief as a petitory action, it is conceded that defendant is in possession as owner of the land; and, as such, she is entitled to stand upon her possession until and unless plaintiff shows a valid title in himself. The title of the defendant in a petitory action is not at issue until the plaintiff has proven an apparently valid title in himself. In this case, the defendant, without first proving her own title, was allowed to show, and did show, that the deed upon which plaintiff relied was absolutely null as to the land in contest. Plaintiff then had no interest in investigating defendant's title.

The evidence offered by defendant in this case to prove that her deceased husband had held title to the land in contest consisted of confirmatory deeds from Levy and Haas, and mesne conveyances through which they had acquired title from the government. The ruling of the district court excluding the evidence is now a matter of no importance, because the proof of defendant's title from

Levy and Haas was afterwards made by the introduction in evidence of the entire record in the suit of Davis v. Graves.

The judgment giving plaintiff a part of the land in contest is not consistent with the ruling made by the district judge allowing defendant to show that plaintiff's tax deed was absolutely null as to all of the land in contest, and the decree in that respect is not consistent with the court's judgment that the tax deed was null as to the land in contest.

The district judge cites the decisions in the following cases, in support of his ruling excluding proof of defendant's title, and in support of his decree giving plaintiff that part of the land in contest that is not inclosed within defendant's fence, viz.: 'Shaffer v. Scuddy, 14 La. Ann. 575.; Heroman v. Louisiana Institute, 34 La. Ann. 805; Howcott v. Pettit, 106 La. 530, 31 South. 61; Lindquist v. Maurepas Land & Lumber Co., 112 La. 1030, 36 South. 843; and Louisiana Land Co. v. Blakewood et al., 131 La. 539, 59 South. 984. These decisions are not appropriate to the case before us. In each of the cases cited, excepting that of Louisiana Land Co. v. Blakewood et al., the ruling was merely that a judgment rendered in favor of the plaintiff in a petitory action had the force and effect of res judicata against the defendant, even as to a muniment of title that was not pleaded—although it might and should have been pleaded—in defense of the suit. In the case of Louisiana Land Co. v. Blakewood et al., there was no such ruling as that the defendants, for having failed to plead specifically every link in their chain of title, could not avail themselves of the nullity of the plaintiff's tax title. As to a part of the land there in contest, on the first hearing, the case was ordered remanded to hear evidence on the question whether notice of delinquency of the taxes had been served, and on the question whether the defendants, Blakewood heirs,

had, previous to the tax sale, paid the taxes for which the land was sold. On rehearing, however, it was held that the Blakewood heirs were not entitled to a remand of the case to prove that notice of delinquency had not been served, because their answer to the appeal was not filed within the time allowed by law; and that they were not entitled to a remand to prove payment of the taxes, because they had had ample opportunity and had utterly failed to prove the alleged payment. As to the land to which those issues pertained, on trial of the merits of the case, the plaintiff showed a valid tax title, and the defendants showed no title whatever.

The judgment appealed from is annulled, and the demand of the plaintiff, appellee, is rejected, and his suit is dismissed at his cost.