### No. 9100
### Orleans

PETER E. R. BORDAGES AND JOHN J. TIERNEY v. MRS MARIE J. STAGGERS, Appellant

(November 16, 1925, Opinion and Decree)
(November 30, 1925, Rehearing Refused)
(January 4, 1926, Writ of Certiorari and Review Denied by Supreme Court.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Builders and Buildings—Par. 11.**

A proprietor, who has contracted for all the carpenter work necessary on a certain building, is at liberty to cancel his contract before the completion of the building by paying the other party to the contract the expense already incurred and such damages as the nature of the contract may require as provided by Article 2765, R. C. C.

2. **Louisiana Digest—Appeal—Par. 715, 729.**

Where the interest of justice requires it a case will be remanded for the submission of further proof.

Appeal from the Civil District Court for the Parish of Orleans. Hon. Porter Parker, Judge.

This is a suit for the balance due under a contract to erect two-store and apartment house.

There was judgment for plaintiff and defendant appealed.

Judgment amended and affirmed.

the defendant. She saw the defendant's car coming. She calculated that she would have time to cross before the defendant reached First street. In that she was in error. She says she saw defendant's car 150 feet from First street. In that she must be mistaken, as the collision took place in the center of Prytania street or,

Daly & Hamlin, of New Orleans, attorneys for plaintiff, appellee.

John L. Felieu, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. On the 19th of September, 1921, plaintiffs and defendant entered into the following agreement:

"Kind Madame:

"For the sum of two thousand dollars we, the undersigned, will agree to furnish all carpenter labor required for the erection and completion of two-store and apartment house to be erected at 821 Camp street for Mrs. N. J. Staggers; owner is to furnish all material required to complete the building.

"Payments to be made as follows:

"First payment after floor and ceiling joists are set _____$ 400.00

"Second payment after roof is completed _____ 400.00

"Third payment when all the walls are ready for plaster _____ 400.00

"Fourth payment when job is completed _____ 800.00

"Contract price _____$2000.00

    (Signed)  "P. BORDAGES.
    (Signed)  "J. J. TIERNEY.
    (Signed)  "MARIE J. STAGGERS".

One payment of $400.00 was made to plaintiffs by defendant and plaintiffs continued supplying the labor under their contract. Mrs. Staggers became dissatisfied with the character of labor supplied and ordered plaintiffs to discontinue and

get off the job. This suit was brought for the balance due under the contract, or $1600.00. There was judgment below for the full sum claimed by plaintiffs and defendant has appealed.

The case is governed by Article 2765, R. C. C. This article provides:

"The proprietor has a right to cancel at pleasure the bargain he has made, even in case the work has already been commenced, by paying the undertaker for the expense and labor already incurred and such damages as the nature of the case may require."

Plaintiffs contend that when ordered off the work there was $650.00 due them, and defendant concedes $400.00 to be due. We are of opinion that the record sustains plaintiffs, and we therefore hold that $650.00 was owing to plaintiffs when their contract was cancelled. There must be judgment for this amount. As to the measure of plaintiffs' damages, there is nothing in the record to guide us.

No evidence as to the cost of the labor necessary to complete contract, consequently no estimate can be made of profits which, as was held in Cusachs vs. Sewerage and Water Board, 116 La. 510, 40 South. 855, constitute the damages.

We will afford plaintiffs another opportunity to prove the profit of which they have been deprived by remanding the case, as we believe the interest of justice demands. In the meantime, and for the reasons assigned, the judgment appealed from is amended by reducing the sum awarded plaintiffs to $650.00, and this cause is remanded for the purpose of allowing plaintiffs to prove such further indebtedness of defendant as they may or can prove to be due under the contract sued on. The cost of this appeal to be borne by plaintiffs and the costs of the District Court as presently accrued by defendant.