**TENSAS DELTA LAND CO. et al. v. WHATLEY et al.**

No. 5198.

Court of Appeal of Louisiana. Second Circuit.

March 2, 1936.

154

Hudson,· Potts & Bernstein, of Monroe, for appellants.

A. D. Flowers, of Jena, for appellees. ·

DREW, Judge.

This suit is brought under Act No. 38 of 1908 claiming title to the northeast ¼ of northeast ¼, section 36, township 11 north, range 8 east, Louisiana principal meridian located in the parish of Catahoula.

Defendants filed a motion to dismiss, alleging they were in possession of said property as owners, and that their possession was physical, continuous, open, and notorious, and therefore the suit could not be brought under Act No. 38 of 1908, which act provides for suits to be brought under it only when neither party is in possession of the property claimed.

The motion was fixed for trial, and after evidence of possession was heard, the lower court in a written opinion overruled the motion and discussed to some extent the testimony adduced on trial of the motion. The case was then put at issue and trial had on the merits. Judgment was rendered rejecting the demands of both plaintiffs and defendants.

The case was appealed to this court, and here we find both plaintiffs and defendants complaining of the judgment rendered below. Defendants complain of the ruling on the motion to dismiss, and plaintiffs of the judgment on the merits.

The greater part of the briefs of both plaintiffs and defendants concerns the motion to dismiss. The evidence is discussed more or less fully in the briefs; however, the record fails to contain the testimony taken on the motion. It is not shown or intimated that either plaintiffs or defendants are at fault in that respect.

The question raised in the motion is a serious one, and we are unable to pass upon it without reviewing the testimony taken on trial thereof; and since neither plaintiffs nor defendants are satisfied with the judgment rendered below, we feel justified, in the interest of justice, in remanding the case to the lower court in order that the record may be completed. Brown v. Gulf Refining Co., 5 La.App. 546; Bordages & Tierney v. Staggers, 3 La.App. 343;

Remedial Loan Society v. Gardeur, 1 La. App. 287; Harris v. Signor Tie Co., 10 La. App. 169, 120 So. 663; Parker v. Summers, 9 La.App. 585, 121 So. 357; Banahan v. Hughes, 156 La. 938, 101 So. 272.

It is therefore ordered that this case be remanded to the lower court for the completion of the record.