TENSAS DELTA LAND CO. et al. v. WHATLEY et al.

No. 5198.

Court of Appeal of Louisiana. Second Circuit.

Dec. 11, 1936.

Hudson, Potts, Bernstein & Snellings, of Monroe, for appellants.

A. D. Flowers, of Jena, for appellees.

HAMITER, Judge.

For the purpose of establishing title to a 40-acre tract of land in Catahoula parish, plaintiffs brought this suit under and pursuant to the provisions of Act No. 38 of 1908. The petition alleged that neither plaintiffs nor defendants were in actual possession of the property.

In a pleading of the nature of a motion to dismiss, defendants averred that they were in the actual possession of the land, and that therefore the suit was improperly brought under the above act. After an independent trial of this motion, it was overruled by the district judge.

Thereafter defendants filed an answer in which they denied plaintiffs' ownership of the land, affirmatively averred that they, the defendants, had possession of it, and alleged title to be in defendant Browne. They prayed that plaintiffs' demands be rejected and that W. F. Browne be decreed the owner of the property.

As shown by a well-prepared written opinion, the district judge held, after trial on the merits, that neither plaintiffs nor defendants had established title to the land. There was judgment rejecting the demands of all parties litigant at the cost of plaintiffs. The case was then appealed to this court.

On that appeal, we found no note of evidence in the record relating to the trial of defendants' motion to dismiss, and, as a large portion of counsel's argument pertained to the testimony offered at that hearing, the case was remanded so that the record could be completed. 166 So. 153.

On the return of the record to this court, we find a statement of the trial judge to the effect that a note of evidence was never made at the hearing on the motion to dismiss, for the reason that counsel for all parties agreed to try such motion without reducing the testimony to writing. In lieu of a transcript of testimony, however, counsel have incorporated in the record, since the remand of the case, an agreed statement or stipulation reflecting the testimony adduced at the above mentioned hearing.

According to the agreed statement, some timber was cut from the land, at frequent intervals during a period of several months, by two employees of defendants. On one of these occasions, however, these men were arrested at the request of an agent of the Tensas Delta Land Company, one of plaintiffs herein, and charged with trespassing. They were liberated by the grand jury because the title to the property was in contest. Eleven days prior to the filing of this suit, defendants employed a person to watch over the property. This employee testified that he was on the land once or twice a week, "but did not give any idea as to how long he stayed on the property, or what he did when there, except that he continued the clearing of about one acre, which was to be used as a house site—this clearing having been started and never finished by Mr. Smith." There was a sign on one corner of the 40-acre tract showing that the Tensas Delta Land Company was the owner of the property. Neither the defendants nor their employees lived or camped on the land, and they built no kind of structures or fences thereon.

A suit is properly brought under the provisions of Act No. 38 of 1908 only when no litigant thereof has actual possession of the property involved. The title of the act reads: "To authorize the institution of suits to establish title to real estate where none of the parties are in the actual possession of the same."

It has been held in the jurisprudence of this state that a determination of the question of actual possession of land is dependent on the facts of each case. South Louisiana Land Co. v. Riggs Cypress Co., 119 La. 193, 194, 43 So. 1003. The trial judge found, after hearing the witnesses testify, that the defendants did not have actual possession of the property at the time of the filing of the suit. We agree with the finding of the trial judge in this respect, and concur in his overruling of the motion to dismiss.

With reference to the merits of the case, we find that plaintiffs trace their title from the United States in 1849 into and through Derrick P. and Phillip B. January in 1857. A break in the chain occurs at this point. The next instrument, in order of time, shown by the record and which describes by governmental subdivisions the tract in dispute, is a deed dated April 25, 1890, from the State of Louisiana to the Board of Levee Commissioners of the Tensas Basin Levee District. This deed covers an undivided one-half interest in and to several thousand acres of lands, including the above-described tract. Thereafter, the

property is described in various instruments executed by the Levee Board to and in favor of the Tensas Delta Land Company, Limited. It is on and through these instruments that plaintiffs claim title.

The only evidence in the record which tends to support the acquisition of the property by the State of Louisiana, and which might serve as a basis for its conveyance to the Levee Board, is a delinquent tax list dated January 13, 1873, and recorded January 27, 1873, in Mortgage Book 1, page 473, of the Records of Catahoula Parish. This reads as follows:

"W. L. Ditto
  (By Tax Collector)
      to
State of Louisiana
            (In Full)
            (Description Limited)
Delinquent List for the Parish of Catahoula for the Year 1871:
No. 50 Ditto, W. L.   1850 acres situated on
                Sicily Island

| Assessment | State Tax |
|---|---|
| $5,080 | $109.22 |
| | Parish Tax |
| | $73.15 |

No. 51 Ditto, W. L., Adm., Nuttal
                1850 acres, situated on
                Sicily Island

| Assessment | State Tax |
|---|---|
| $4,620 | $99.33 |
| | Parish Tax |
| | $66.53 |

"I, Leonidas Redditt, Tax Collector in and for the Parish of Catahoula and State of Louisiana do solemnly swear that the above and foregoing list is correct and that no part of the same has been paid as herein set forth.

                "L. Redditt, Tax Collector,
                        Catahoula Parish.
  "Sworn to and subscribed before me this 18th day of January, A. D., 1873.
        "L. Gip Duke, Justice of Peace."

The tax laws governing the forfeiture of property to the state for unpaid taxes for the year 1871 provided, among other things, that: "The collector was required, upon the second Monday of December of each year to return to the parish recorder a list, verified by his affidavit, of the names of the owners of the land upon which the taxes had not been paid, together with a description of such land; and the recorder was required within 10 days to record the same, and to forward a certified copy thereof to the auditor; and the filing of such

copy in the office of the auditor was to vest in the state a title to the land therein described, which title was to be impeachable only on proof that the taxes had been paid before the return of the list to the recorder, reserving, however, to the owner or party interested the right to redeem the property on certain conditions." George et al. v. Cole et al., 109 La. 816, 828, 33 So. 784, 789; Act No. 42 of 1871.

■ Without determining whether or not the description in the aforementioned delinquent tax list was sufficiently definite to effect the transfer of any property, but assuming for the purpose of this discussion that it was, there is nothing in the record of this case which discloses that the record title to the property in controversy stood in the name of the above-mentioned tax debtors at the time of the alleged forfeiture, or that such property was situated on Sicily Island.

Furthermore, there are no allegations in the petition, and no evidence in the record, showing a prescriptive title in plaintiffs. Accordingly, we have concluded, as did the trial judge, that the plaintiffs have failed to establish any title in themselves to said forty acres of land.

■ The title relied on by defendants is identical with that of plaintiffs from the United States to and through Derrick P. and Phillip B. January in 1857. The next instrument of title offered by them is a tax deed in favor of J. M. Whatley, defendants' vendor, in the year 1902. This deed evidenced a tax sale of the 40-acre tract for unpaid taxes due by Nuttal Ditto Hodkins, the recited owner thereof, for the years 1899, 1900, and 1901.

The regular assessment rolls of the tax collector for the parish of Catahoula, for the years 1899, 1900, and 1901, true and exact extracts from which are in the record and bear the certificate of the tax collector of that parish, disclose that 261,482 acres were assessed to the Tensas Delta Land Company, Limited, for the year 1899, under the description, "purchased of the Levee Board as per deed in recorder's office. See abstract hereto attached and made part of." Taxes thereon were paid December 18, 1899. The same number of acres were assessed to said company for the year 1900, and described as, "purchased from L. B." All taxes were paid December 18, 1900. 264,373.60 acres were assessed to the same company for the year 1901. Under the word "description" it is specifically recited

the "NE¼ of the NE¼, S. 36, T. 11, R. 8." (This is the exact property involved in the case at bar.) All taxes were paid December 10, 1901.

From the foregoing it is obvious that there was a dual assessment of the property in question, at least for the year 1901, and that the taxes for such year had been paid prior to the tax sale to Whatley in 1902. By reason of such dual assessment and payment of taxes, the adjudication under which defendant claims title was an absolute nullity. Board of Commissioners v. Concordia Land & Timber Co., 141 La. 247, 262, 74 So. 921; Doullut v. Smith et al., 117 La. 491, 41 So. 913; Harris v. Deblieux, 115 La. 147, 38 So. 946. In reaching this conclusion, we are mindful of the following provision found in section 11, article 10, of the Louisiana Constitution of 1921:

"The fact that taxes were paid on a part of the property sold, prior to the sale thereof, or that part thereof was not subject to taxation, shall not be cause for annulling the sale as to any part thereof on which the taxes for which it was sold were due and unpaid."

That provision is inapplicable to, and does not affect, the tax sale in question. All of the property sold was subject to taxation, and the taxes for 1901 were paid on the entire tract prior to the sale thereof. The above-quoted provision has reference to and contemplates a tax sale under which property on which taxes have been paid, or which is not subject to taxation, is sold with property on which taxes are due and unpaid and for which the sale is held. In such case, the sale as to the last-mentioned property is valid, even though it is null as to the other.

The demands of both plaintiffs and defendants were rejected at plaintiffs' cost under the judgment of the trial court. We think that the proper judgment, in the interest of justice, should have been one of nonsuit as to the plaintiffs. This would not be conclusive as to either the plaintiffs or defendants. Mecom v. Graves, 148 La. 369, 86 So. 917.

For the reasons assigned, the judgment of the trial court is annulled and set aside, and there is now judgment dismissing plaintiffs' suit as of nonsuit at their cost. The costs of this appeal shall be paid by defendants.

TALIAFERRO, J., recused.