172 So. 425

**SIMMONS et al. v. CARTER et al.**

No. 34083.

Jan. 4, 1937.

Rehearing Denied Feb. 1, 1937.

C. F. Currier and Malcolm W. Feist, both of Shreveport, for appellants.

Wilkinson, Lewis & Wilkinson, of Shreveport, for appellees.

FOURNET, Justice.

This is a petitory action to recover a small tract of land said to contain less than an acre, situated in the Rodessa Oil Field, Caddo parish, La.

Defendants excepted to plaintiffs' petition on the ground that it disclosed no right or cause of action. Counsel for plaintiffs and counsel for defendants agreed that: "For the purpose of this exception, and only for that purpose, the following facts shall be taken as true:

"1. On September 29th, 1890, Thomas R. Simmons, without record title in himself, conveyed the tract of land in dispute to John W. Law. This deed was filed for record October 10, 1891, in the Conveyance Records of Caddo Parish, Louisiana.

"2. On February 6th, 1893, William B. Spearman, without record title in himself, conveyed the tract to Thomas R. Simmons. This deed was filed for record February 7, 1893, in the Conveyance Records of Caddo Parish, La.

"3. On April 29, 1899, John W. Law conveyed the tract in dispute to William B. Spearman. This deed was filed for record May 1, 1899, in the Conveyance Records of Caddo Parish, Louisiana.

"4. All of the conveyances recited above were made by warranty deed.

"5. That the plaintiffs, being the widow and sole heirs of Thomas R. Simmons, have been recognized as such by the judgment of the First District Court of Caddo Parish, Louisiana, and claim the title to the land in dispute through inheritance from the said Thomas R. Simmons, and through the acquisition of said title by Thomas R. Simmons from William B. Spearman in the deed dated February 6th, 1893, and set forth above.

"6. That the defendants Homer Carter and Noah S. Carter are claiming through William B. Spearman by virtue of the deed dated April 29, 1899, they having accepted the Succession of their mother, Mrs. Tencie Spearman Carter, who had previously accepted the Succession of her father, the said William B. Spearman, and the other defendants claim through said Homer F. Carter and Noah S. Carter.

"7. Only the facts set forth in this stipulation, together with the allegations of the petition, shall be taken into consideration in passing upon the exception now before the court, and this agreement shall have no binding force or effect except for the purposes of the present exception. Should the present exception be overruled, either party hereto shall be at liberty to prove the facts to be otherwise than as herein set forth."

The plaintiffs have appealed from a judgment of the lower court maintaining the exception of no right or cause of action.

"The settled jurisprudence of this state is that the title of the defendant in a petitory action is not at issue until the plaintiff has proved an apparently valid title in himself." Thomas & Bullis v. Stricker Land & Timber Co., Inc., 181 La. 784, 160 So. 413. See, also, Smith v. Chappell, 177 La. 311, 148 So. 242; Mecom v. Graves, 148 La. 369, 86 So. 917.

"It is elementary that in a petitory action plaintiff must recover on the strength of his own title, and not on the weakness of defendant's title." Bruton v. Braselton et al., 157 La. 64, 101 So. 873, 874; Code of Practice, art. 44.

But it is contended by plaintiffs that when Simmons sold to Law without a record title in himself, whatever title he acquired from Spearman in 1893 inured to the benefit of Law and, by the same analysis, the deed from Law in 1899 to Spearman inured to the benefit of Simmons, making Spearman the common ancestor in title of both the present plaintiffs and the present defendants, thereby estopping the defendants from attacking the source of plaintiffs' title.

If, according to the agreed stipulation of facts, it was intended to convey the idea that plaintiffs' author in title, Spearman, and their ancestor, Simmons, had title in fact but were "without record title" when the deed of 1893 was executed, then the title thus acquired by plaintiffs' ancestor, Simmons, inured to the benefit of his vendee, John W. Law, to whom he had previously sold the property in 1890. It therefore follows that the vendees of John W. Law or his successors also get this

same benefit, which gives the defendants here a valid title. Brewer et al. v. New Orleans Land Co., 154 La. 446, 97 So. 605; City of New Orleans v. Riddell, 113 La. 1051, 37 So. 966; Stokes v. Shackleford et al., 12 La. 170.

If, on the other hand, by the agreed stipulation of facts, it was intended to show that plaintiffs' author in title, Spearman, and their ancestor, Simmons, were without title to the property whatsoever, and since it appears that they have failed to allege in aid of their title by virtue of the warranty deed at least ten years' possession of the land thereafter, they are without any right or cause of action and cannot question the defendants' right to possess the property in controversy. Bruton v. Braselton, supra.

Therefore, construing the stipulation of facts either way, plaintiffs are without a right or cause of action.

For the reasons assigned, the judgment of the lower court is affirmed.