ODOM, Justice.
 

 The American Homestead Company, the plaintiff, and Samuel Zemurray, the defendant, each claims to own a small parcel of ground in the City of New Orleans, described as “Grove No. Twenty-four in Section Three, situated in the Subdivision of Land of the New Orleans Lake Shore Land Company”.
 

 Plaintiff acquired the property originally from Jacob Israel on August 29, 1927. On the same day it sold the same property to Peter Stankoffich and retained a vendor’s lien and mortgage thereon for $5,000. Stankoffich then sold to Dudley Morlier, the consideration for the sale being the assumption of the mortgage due the homestead association, amounting to $4,844.65. Morlier failed to pay the mortgage, and the homestead company foreclosed and bought the property in on February 8, 1934, as evidenced by the sheriff’s deed dated April 19, 1934.
 

 
 *40
 
 On April 23, 1928, the New Orleans Industrial Canal Land & Harbor Development Company, Inc., acquired the same property at tax sale made by the City of New Orleans .for taxes alleged to have been due for the year 1925 by F. B. Todd. The land company executed a mortgage covering this and other lands for $125,000, and Zemurray, the defendant, held the note. The note was not paid. Zemurray foreclosed and purchased the property at public sale on March 12, 1934.
 

 The plaintiff, American Homestead Company, brought the present suit against Zemurray to have the tax sale above referred to set aside and to be decreed the owner of the property. There was judgment in favor of the homestead association and against the defendant, Zemurray, decreeing the adjudication of the property at tax sale by the City of New Orleans to the Industrial Canal Land & Harbor Company to be null and void, and recognizing plaintiff as the owner of the property. The defendant appealed.
 

 The ground on which the plaintiff seeks to have the tax sale declared null is that the taxes on the property for the year 1925 were paid prior to the tax sale. Zemurray’s defense is that the taxes had not in fact been paid and that the tax sale was valid.
 

 The admitted facts are these: Before the plaintiff purchased the property from Israel on August 29, 1927, the notary for the plaintiff homestead association procured from the City of New Orleans, through the proper officer, a tax research certificate, which recited that all taxes due on the property for the year 1925 and previous years had been paid. Plaintiff alleged — and this is admitted in defendant's answer — that it acquired the property in good faith, believing that all taxes for the year 1925 and prior years had been paid, and that it relied upon the certificate to'that effect issued by the city. It is admitted also that, when Stankoffich sold to Morlier, the city again, through the proper officer, issued a certificate showing that all taxes on the property for 1925 had been paid.
 

 The issue presented is whether the City of New Orleans, after issuing to the plaintiff association a certificate showing that all taxes due thereon, for the year 1925 had been paid, could thereafter sell the property for taxes which it certified had been paid, to the prejudice of the plaintiff.
 

 The trial judge held that it could not, and we think his ruling was correct. The reason is found in the law. Section 74, Act No. 170 of 1898, provides that neither sheriffs, recorders, notaries throughout the state, nor any other persons authorized to convey real estate by public act, shall pass any act for the sale of real estate unless all taxes due thereon prior to the act of sale are first paid, “to be shown by the receipt or certificate of the officer having charge of the collection of said taxes or by the certificate of the State auditor, city comptroller or other officer having charge of or keeping the accounts of any municipal corporation- or parish of this State, said certificates to be annexed to such act and
 
 be conclusive evidence of the payment of all taxes therein certified to be paid,
 
 and shall exonerate the notary, sheriff or
 
 *42
 
 recorder from all responsibility whatever.” {Italics ours.)
 

 Zemurray’s defense is that the taxes on the property for the year 1925 had not in fact been paid. It would be a vain procedure to inquire whether the taxes on the property for that year had or had not been paid, because, even if it be conceded that as a matter'of fact they had not been paid, the defense is' futile. The city, through its proper officer, certified that the taxes for' that year had been paid, and, says the law,. that certificate was “conclusive evidence” of the payment. The city itself furnished evidence of the payment of the taxes, which, according to the statute, was conclu-" sive. That evidence was binding on the ; city. It could not thereafter sell the property for taxes which it certified had been, paid, to the prejudice of the plaintiff, who; had relied upon the certificate.
 

 This court has repeatedly held that a sale of: '.property for taxes which had been previously paid is an absolute nullity ; and not protected by the three-year pre- - emptive period under Artiple X, Section ■ 11, of the .• Constitution. Louisiana Land. Co. v. Blakewood, 131 La. 539, 59 So. 984; Mecom v. Graves, 148 La. 369, 86 So. 917; Fellman’s Heirs v. Interstate Land Co., Ltd., 163 La. 529, 112 So. 405; Uthoff v. Thompson, 176 La. 599, 146 So. 161.
 

 So' far as we know, the identical question here presented has not been passed upon by 'this court. -But, in the case of Commercial Security Co. v. Jones, 14 Orleans App. 217, the court had before it a - similar, question and was called upon to de-. cide what effect the. issuance of such a certificate had in so far as the rights of the City of New Orleans were concerned. In that case, as in this one, the city had issued a certificate reciting that all taxes due on the property had been paid, and there, as here, the property was subsequently sold by the city for taxes which it had previously certified had been paid. The court said:
 

 “The tax certificate issued to Jones recited that the taxes for which the property was subsequently sold had been paid prior to such sale, and the statute under which said certificate was authorized declares that it shall ‘be conclusive evidence of the payment of all taxes therein certified to be paid.’ Section 74 of Act 170 of 1898.
 

 “It is therefore futile .to examine the evidence adduced by the adjudicatee tending to support its contention that the taxes had not in fact been paid. The conclusive presumption of páyment created by the Statute cannot be overcome or controverted by any proof that the fact is .otherwise. It is an estoppel, established in favor of all who act upon the faith of the certificate and operátes as a bar to any future demand for said taxes whether presented by the City.'or by. any one else.” ' ■ ....
 

 The tax research certificates issued in this case were “conclusive evidence” that the taxes on this property, for the year 1925 were paid. Therefore, when the city thereafter sold the property for the taxes of that year, the sale was an absolute nullity.
 

 By agreement of counsel, there was, judgment in favor of Zemurray, the defendant, .against the plaintiff for the sum. of $68.85, with interest, for. taxes paid by
 
 *44
 
 him on the property. It was further ordered that Zemurray be condemned to pay to the plaintiff the costs of its main demand and that the plaintiff be condemned to pay to Zemurray the costs of his reconventional demand.
 

 For the reasons assigned, ■ the judgment appealed from is affirmed, the cost of this appeal to be paid by the defendant Zemurray.
 

 LAND, J., absent.