I think that the result reached by the Court in this case is correct, but I am not willing to rest the decision on the proposition that a plea of ten years prescription acquirendi causa is a sufficient defense to an action for the recognition of a tax title. In my opinion, however, the defendants are entitled to a judgment recognizing them as the owners of the property involved in this suit because the deed in which Howard Cole, defendants' ancestor in title in good faith acquired the property, contains a declaration by the sheriff and ex-officio tax collector that the taxes of 1909 were paid. These are the taxes for the non-payment of which the property was adjudicated to Goudchaux and Haas, to whom plaintiffs trace their title. Under the express provisions of Section 74 of Act 170 of 1898, the certificate and acknowledgment of the sheriff and ex-officio tax collector that the taxes for the year 1909 were paid is conclusive evidence of that fact and thereafter the property could not be sold for the non-payment of those taxes to the prejudice of any person relying on such certificate.
In the recent case of American Homestead Co. v. Zemurray,195 La. 37, 196 So. 13, 14, this Court had occasion to interpret and apply the statutory provision above referred to in a case wherein plaintiff relied on a certificate issued by the City of *Page 680 
New Orleans showing that the taxes for which the property had been sold were paid. As a matter of fact, the taxes had not been paid. In passing upon the question at issue, this Court said: "Zemurray's defense is that the taxes on the property for the year 1925 had not in fact been paid. It would be a vain procedure to inquire whether the taxes on the property for that year had or had not been paid, because, even if it be conceded that as a matter of fact they had not been paid, the defense is futile. The city, through its proper officer, certified that the taxes for that year had been paid, and, says the law, that certificate was `conclusive evidence' of the payment. The city itself furnished evidence of the payment of the taxes, which, according to the statute, was conclusive. That evidence was binding on the city. It could not thereafter sell the property for taxes which it certified had been paid, to the prejudice of the plaintiff, who had relied upon the certificate." And the Court held that the certificate issued by the city was conclusive evidence that the taxes were paid and that when the city thereafter sold the property for those taxes the sale was a nullity.
As I view this case, under the express provisions of Section 74 of Act 170 of 1898 and the decision in the case of American Homestead Co. v. Zemurray, the tax adjudication to Goudchaux and Haas was a nullity so far as these defendants are concerned and for that reason I concur in the judgment recognizing the defendants as the owners of the property involved in the case. *Page 681