This is a petitory action in which the plaintiffs claim ownership of an undivided one-third interest in and to certain property described as being: "NE 1/4 of Lot 243 of Florien Giauque's Second Addition to the Town of Many, together with the buildings and improvements thereon."
From a judgment in favor of plaintiffs the defendant has appealed.
Plaintiffs' alleged ownership is based upon their claims as children and sole surviving heirs of Catherine Thomas, deceased, who in turn is asserted to have been one of the heirs of Delia Thomas, who acquired the property by deed dated June 18, 1902.
On trial plaintiffs established their heirship and introduced in evidence the deed dated June 18, 1902. The description of the property conveyed by this deed is set forth as being: "The Northeast quarter of Lot number two hundred and forty-five (245) of Florien Giauque's Second addition to the town of Many, Louisiana."
The discrepancy in the description of the property is pointed out in the reply brief of counsel for defendant-appellant, and we find nothing in the record which tends to reconcile the difference in description.
[1] It is definitely settled by the jurisprudence of this State that the burden is upon the plaintiff in a petitory action to establish an apparently valid title before the title of a defendant in such action is placed at issue. Trellieu Cypress Lumber Co. v. Albert Hansen Lumber Co., 121 La. 707, 46 So. 699; Article 44, Code of Practice; Mower v. Barrow et al., 16 La. App. 227, 133 So. 782; Mecom v. Graves, 148 La. 369, 86 So. 917; Boykin v. Jenkins, 174 La. 335, 140 So. 495; Smith v. Chappell, 177 La. 311, 148 So. 242; Thomas Bullis v. Stricker Land Timber Co., Inc., 181 La. 784, 160 So. 413; Simmons v. Carter, 186 La. 377, 172 So. 425.
[2] In the instant case, regardless of plaintiffs' rights as heirs, they must of necessity rely upon the deed describing the property conveyed to their ancestor. Certainly, a deed conveying a portion of Lot 245 of a certain described tract is not sufficient to support claims of ownership to an interest in Lot 243. The record does not contain the establishment of any title, to the interest claimed in plaintiffs' petition, in the plaintiffs themselves or in the ancestor from whom they claim by descent.
A recent pronouncement of the Supreme Court on these points is found in Cupples et al. v. Harris, 202 La. 336,11 So.2d 609, 610:
"The plaintiffs in this suit have to rely on the strength of their own title. If they cannot establish ownership thereby, the possessor must be discharged from the demand.
* * * * * *
"It is the settled jurisprudence of this state that a deed, in order to be translative of title to real estate, must contain such a description as to properly identify the property."
[3] Since plaintiffs' petition alleges the possession of the defendant, and, since no deed translative of title to the particular property in which plaintiffs allege ownership is comprehended in the record in this case, it is evident that the judgment appealed from is in error.
For the reasons assigned, the judgment appealed from is reversed and set aside, and there is now judgment in favor of the *Page 810 
defendant, J.C. Henry, dismissing the demands of plaintiffs, Bernice Williams Curry and Arlena Willams, as of nonsuit, together with all costs of both courts.