ELLIS, Judge.
This is a petitory action in which the plaintiff alleges that he is the owner of the following described property in Vernon Parish, Louisiana, to wit:
“A part of the NE% of NE% Section 10 Township One (1) North, Range Nine (9) West, particularly 'described as beginning at.the SE cór-ner of said N-EJ4 of NE14 and running North along Section line between Sections 10 and 11, a distance of 444.4 feet for a point of beginning, thence run North along said section line an additional 444.4 feet, thence run West 'to the East right of way line of Highway No. 171, thence South along the East right of way line of said highway 444.4 feet, thence East to point of beginning, situated in Vernon Parish, Louisiana.”
Plaintiff alleges that the defendants are in actual physical possession of the property without any title whatsoever and without any right to remain on said property, despite repeated amicable demands' on defendants. The plaintiff deraigned his title in his petition and the defendants set up -a general denial and' set forth their title. The defendants further allege that they are in actual physical possession as owners of the South 2% acres of the West 5 acres of the property plaintiff alleged he was the owner of, as shown by the above description. Defendants further set up their actu *666 al physical possession of the property for more than five years as a lessee under their ancestor in title, J. W. Mathis, prior to their purchase and possession in their own behalf.
The case was tried and at the close thereof a plea of 5 years prescription was filed by the defendants, based upon Article 10, § 11 of the Constitution of the State of Louisiana which reads in part as follows:
“No sale of property for taxes shall be set aside for any cause except on proof of payment of the taxes for which the property was sold prior to the date of the sale, unless the proceeding to annul is instituted * * * within five years from the date of the recordation of the tax deed, if no notice is given. The fact that taxes were paid on a part of the property sold, prior to the sale thereof, or that part thereof was not subject to taxation, shall not be cause for annulling the sale as to any part thereof on which the taxes for which it was sold were due and unpaid * *
The District Court rendered judgment in favor of the plaintiff as prayed for and the defendants have appealed.
It was agreed that the plaintiff and defendants traced their titles to a common author, viz., A. G. Comeaux and Rene Belaire, who had acquired said property under a complete chain of title emanating from the Government. The descriptions in the deed of Comeaux & Belaire was the same as set forth in the plaintiff’s petition. In June, 1942, Rene Belaire sold to Morris Belaire his undivided % interest in the land.
In 1943 according to a certified copy of the assessment rolls under a certain assessment bearing No. 9SS, Morris Belaire was assessed with the following described property:
“Belaire, Morris
“Leesville, La. T1NR9W — Sec. 10, Beg. at SE cor. of NENE & Run N along Sec. line 444.4 ft to pt of beg; N along Sec. line 444.-4 ft. W to E side of Hy 171, S along E. side of Hy 444.4 ft. E to pt of beg. 2 A. Cut Over Pine $10. Imps on City Lots $140.”
In 1943 according to a certified copy of the assessment roll offered in evidence, under assessment No. 1064, A. J. Comeaux & Rene Belaire were assessed with the following described property:
“Comeaux, A. J. and
“Rene Belaire
“Leesville, La. T1NR9W — Start at
“Rt. SE cor of NENE Sec. 10, and run N along Sec. line dividing Sec. 10 from Sec. 11, a distance of 444.4 ft for a beg; Thence further N along said Sec. line 444.4, ft. thence W to the E side of R/W of Hy 171, thence S 444.4 ft along the E side of R/W of Hy 171, thence E to the Sec. line dividing Secs. 10 & 11.
7 A Cut Over Pine $30.”
Thus it will be noted from these two assessments that in the main the description is the same, however, in Morris Belaire’s assessment it states, “2 A. Cut Over Pine $10. Imps of City Lots $140,” while in the Comeaux-Belaire assessment it states: “7 A Cut Over Pine $30.”
The next thing we find is a deed from A. J. Comeaux to Morris Belaire on the 2nd day of May, 1944 in which he sells his undivided % interest to Belaire in the entire tract. No payment of taxes was mentioned in the deed. On May 13, 1944 there was a tax sale for the unpaid taxes of 1943 *667 by the Sheriff and Ex Officio Tax Collector for the Parish of Vernon of the property described in assessment No. 955, supra, in the name of Morris Belaire. The exact description is as follows, to wit:
“955' — Belaire, Morris, Leesville, La. T1NR9W — Sec. 10, Beg. at SE Cor. of NENE & run N along Sec line 444.4 ft to pt of beg; N along Sec line 444.4 ft W to E side of Hy 171, S along E side of Hy 444.4 ft. E to pt of beg. 2 A Cut over pine, Imps. Taxes $4.16. Interest and all cost to be added.”
This property was purchased at the tax sale by A. L. Jones, who executed a quit claim deed to Morris Belaire for the property so purchased on the 20th day of March, 1946, and the latter had previously, on the 29th day of July, 1944, sold the property to John H. Taylor, who in turn sold it to the present plaintiff, in December, '1945, the deed failing to give the date.
As to the defendants’ chain of title, we find that the Sheriff and Tax Collector for the Parish of Vernon, on the 13th day of May 1945 offered for sale the property described in Assessment 1064 in the name of A. J. Comeaux and Rene Belaire, supra, and one J. W. Mathis became the purchaser of the following described property as' set forth in the deed, to wit
“And at the time and place above designated, no particular portion of said property having been pointed out by the tax debtor,' and having offered the least portion and having received a bid for a portion thereof sufficient to pay the taxes, interest and cost due thereon, to-wit: West five acres, fronting Highway 171 of the following: T1NR9W — Start at SE oor. of NENE, .Sec. 10, and run N along Sec. line dividing Sec. 10 from Sec. 11, a distance of 44.4 ft for a beg; thence further N along said Sec line 444.4 ft, thence W to the E side of R/W of Hy 171, thence S 444.4 ft along the E side of R/W of Hy 171, thence É to the Sec line dividing Secs. 10 & 11. 5 A Cut Over Pine.”
Mathis, in September 1950, the exact date not being shown in the deed, sold to the present defendants the S%, or 2% acres, of the 5 acres purchased at tax sale.
From the record Mathis is apparently still the present owner of the North 2y2 acres. As the plaintiff is asking to be recognized as the owner of the entire tract all persons claiming ownership should have been made a party-defendant. It is well settled that the appellate court may on its own motion notice the absence of proper and necessary parties.
In view of the fact that this case will be remanded and possibly re-appealed, we will take the liberty of suggesting that the total acreage of the land described and claimed by plaintiff be proven, for as the record now stands it is impossible for this Court to ascertain whether the 2 acres shown under assessment No. 955 is included within the 7 acres shown undér assessment No. 1064. Should this Court hold that only 2 acres was sold under assessment No. 955, it would then be necessary that proof be submitted as to whether the 2 acres constituted a part of the 7 acres under assessment No. 1064 so as to make-certain or eliminate the possibility of partial payment of taxes prior to the sale under assessment No. 1064, which might or might not be the case under the doctrine of Prampin v. Southern Chemical Works, La.App., 53 So.2d 210; Board of Commissioners for 5th Louisiana Levee District v. Concordia Land & Timber Co., 141 La. 247, 74 So. 921, 927; Harris v. Deblieux, 115 La. 147, 38 So. 946.
It is therefore ordered that this case be remanded to the District Court in order that the proper parties may be joined and for such further competent evidence as the parties may wish to introduce.